CASE 27—INDICTMENT—JUNE 5.

# Triplett v. Commonwealth.

APPEAL FROM FAYETTE CIRCUIT COURT.

1. FORMER ACQUITTAL—BURGLARY AND LARCENY.—An acquittal or
conviction of the offense of burglary is a bar to a prosecution for
a larceny forming part of the same transaction for which the defend-
ant was tried under the indictment for burglary.

2. WHERE A PLEA OF FORMER ACQUITTAL OR CONVICTION IS THE ONLY
PLEA ENTERED, the defendant's failure to sustain his plea will not
authorize the court to instruct the jury to find the defendant guilty.
If the defendant pleads, no confession except confession of guilt in
open court by the accused in person will authorize a judgment of
conviction.

Query: Does the defendant's silence or failure to plead amount
to a confession of guilt? The court suggests that where the defend-
ant refuses to file any plea, the safer rule is to have the plea of not
guilty entered and counsel assigned.

PARK PHIPPS FOR APPELLANT.

1. Appellant having been tried and acquitted under an indictment charg-
ing him with burglary, can not be prosecuted for larceny committed
at the same time and place. (Fisher v. Commonwealth, 1 Bush,
211; Hinckle v. Commonwealth, 4 Dana, 519; 1 Bishop's Criminal
Law (5th edition), 1050, 1051, 1062, 1063, 1064, and extract from
Waite, C. J., in foot notes to 1062.)

2. The peremptory instruction to find the defendant guilty was unau-
thorized.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. The appellant failed to sustain his plea of former acquittal, the former
indictment being for burglary, which consists merely in breaking
into a house with felonious *intent*, it not being necessary that the
intent should be carried out, or that it should be an intent *to steal*.

2. Larceny and burglary are not degrees of the same offense. (Crimi-
nal Code, section 263.)

3. The plea of former acquittal without the plea of not guilty must be
treated as a waiver of all other issues than that made by the plea
itself. (Criminal Code, sections 172 and 175.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, Dick Triplett, was indicted by the
grand jury of Fayette county for grand larceny, in

feloniously taking and carrying away thirty dollars in United States currency, bank notes, etc., the personal property of one Ed. Caldwell.

On the trial of the indictment the accused entered the plea of former acquittal, alleging in substance that he had been indicted in the same court for burglary, in breaking and entering the dwelling of. Ed. Caldwell, with the intent to steal therefrom. That the present indictment for larceny is for stealing the same thirty dollars, a part of and connected with the same transaction constituting the alleged burglary for which he had been previously tried. That the Commonwealth elected to try him for the burglary, and upon the hearing the jury returned a verdict of *not guilty*. He pleads the same as a bar to the present prosecution. The record of the indictment for burglary and the trial resulting in a verdict of not guilty was offered as evidence, and the accused then proposed to prove that the alleged taking of the thirty dollars was connected with and a part of the same transaction constituting the burglary, at the same place and on the same occasion.

The only question is, did the plea and proof, if conceded to be true, constitute a bar to the indictment for grand larceny? We think the bar was complete. At common law, in an indictment for burglary, a count might be added for the larceny when there had been an actual taking, and it therefore resulted that an acquittal of the burglary with intent to steal constituted no bar to a prosecution for the actual theft. Without the intention to commit a felony, the mere fact of breaking would not, at common law,

constitute a burglary; and when the intent to steal is charged and the party acquitted, it would seem that a subsequent indictment for grand larceny, with the same facts developed on the trial, would be placing the accused in jeopardy the second time for the same offense. The weight of authority, we are aware, is adverse to such a view of the question, but the whole reason and philosophy of the law, as well as justice to the accused, require a different ruling.

Mr. Bishop, in alluding to the decisions in this class of cases, takes occasion to say, that "on principle we may question whether they do not press more heavily against defendants than the humane policy of our criminal jurisprudence justifies." (Bishop's Criminal Law, volume 1, section 1062.)

The dissenting opinion in the case of Wilson v. The State, 24 Conn., 70, lays down the correct rule, viz.: "Where a criminal act has been committed, every part of which may be alleged in a single count in an indictment and proved under it, the act can not be split into several distinct crimes, and a separate indictment sustained upon each; and whenever there has been a conviction for one part, it will operate as a bar to any subsequent proceedings as to the residue."

In a note to this dissent in Bishop's Criminal Law, volume 1, section 1062, note 4, it is said: "It would be a very bold thing to say that, leaving out of the account what has been adjudged by the courts, the weight of reason is not clearly with the dissenting opinion."

The prosecutor may elect whether his indictment

shall be for burglary or grand larceny; but he can
not make two offenses out of the one, and when in-
dicted and tried for either, the bar becomes complete
as to both the burglary and larceny. In Georgia
it has been held that a jeopardy on one indictment
will bar a second, "whenever the proof shows the
second case to be the same transaction with the
first." (Roberts v. State, 14 Ga., 8.)

The intent to steal may be shown by proof es-
tablishing the actual theft, and when the Common-
wealth has made out the case of burglary in this
way it is a novel ruling, although sustained by the
weight of authority, to hold that two convictions
may be had for offenses growing out of the same
transaction. It has been held that where one steals
two pigs by driving them off from the owner at the
same time, he may be convicted of larceny for steal-
ing the one pig, and then again convicted for stealing
the other.

This is not the rule in Kentucky. In Fisher v.
Commonwealth, 1 Bush, 211, the accused, in the same
act, and with like intent, took a horse, wagon, and
harness from H—. The indictment was for stealing
the horse, another indictment for stealing the wagon
and harness, and why there was not a third indictment
for stealing the harness does not appear—perhaps the
harness was in the wagon.

On the trial for stealing the horse the accused was
acquitted, and this was held to be a bar to the in-
dictment for stealing the wagon and harness. Mr.
Bishop says, and this is the true doctrine, that "al-
though, when a man has done a criminal thing, the

prosecutor may carve as large an offense out of the transaction as he can, yet he is not at liberty to cut but once." So in this case the prosecutor has attempted to carve out of the transaction the crime of burglary, of which the accused was acquitted, and he should not now be allowed to carve out the crime of larceny.

The plea of former acquittal may not be sufficiently specific, and for this reason a demurrer was sustained; but it then appears that the accused waived a formal arraignment, pleaded former acquittal, and in support of the plea introduced the proof already adverted to. The plea of former acquittal was the only plea entered—the Code requiring that such facts must be alleged by special plea. There was no plea of *not guilty*, and the Commonwealth, without offering proof, had an instruction to find the defendant guilty upon the failure of the accused to sustain the plea of former acquittal. The accused can not be deprived of his life, liberty or property unless by the judgment of his peers or the law of the land, *nor can he be compelled to give evidence* against himself. (Section 12, Bill of Rights.)

Does his silence or failure to plead amount to a confession of guilt? This is a grave question, and not necessary to be determined in this case, as the reversal must go on other grounds. The safer rule would be, where the accused refused to file any plea, to have the plea of not guilty entered and counsel assigned; but when he does plead, no judgment by confession, except that of confession of guilt in open court by the accused in person, will authorize a judgment of conviction

Judgment reversed, and cause remanded for proceedings consistent with this opinion. (See Commonwealth v. Ravenscraft, MS. Opinion, May 27, 1886.)