CASE 106—INDICTMENT—JUNE 22.

# Reddy v. Commonwealth.

APPEAL FROM PENDLETON CIRCUIT COURT.

1. FORMER CONVICTION.—Where the same acts constitute two or more misdemeanors, any court having jurisdiction of any one of the misdemeanors may elect to try, and if it does so this trial will bar a prosecution for any other misdemeanor upon the same facts. But a prosecution for a misdemeanor in an inferior court having jurisdiction to try misdemeanors only will not bar a prosecution for a felony upon the same facts, as no one can be said to be in jeopardy on a charge for felony in a court that has no jurisdiction of felonies.

In this case a conviction in a police court for a breach of the peace by shooting and firing off pistols in the streets of a city is held to be a bar to an indictment for willfully and maliciously injuring the county courthouse by the same acts.

2. Same.—A trial by collusion of the accused and the officers is of no validity and affords the accused no protection.

L. P. FRYER FOR APPELLANT.

The former conviction is a bar. The State can carve but one offense out of the same act or transaction and when it elects to prosecute for the lower grade of offense the law will not permit another prosecution for the higher grade. (Wilson v. The State, 24 Com., 70; Triplett v. Commonwealth, 84 Ky., 195; Commonwealth v. Duncan, 91 Ky., 592; Commonwealth v. Bright, 78 Ky., 238; Commonwealth v. Hawkins, 11 Bush, 603; Commonwealth v. Miller, 5 Dana, 320; Fisher v. Commonwealth, 1 Bush, 211; 11 Am.

& Eng. Ency. of Law, pp. 934, 935, 936, 939, 942; Present Const. of Ky., sec. 13; 1 Bishop on Crim. Law, secs. 1057, 1060, 1061; Cooley's Const. Limit, p. 398.)

JNO. H. BARKER OF COUNSEL ON SAME SIDE.

WM. J. HENDRICK, ATTORNEY GENERAL.

The judgment of the police court punishing appellant for a breach of the peace is not a bar to this indictment. (Commonwealth v. Miller, 5 Dana, 320; March v. Commonwealth, 12 B. M., 25; Chandler v. Commonwealth, 1 Bush, 42; Cornelison v. Commonwealth, 84 Ky., 583.)

JUDGE GRACE DELIVERED THE OPINION OF THE COURT.

This is an appeal by John Reddy, Thomas Reddy and Chas. Wedding from the judgments rendered against them by the Pendleton Circuit Court, each separately, but aggregating $1,000, on an indictment in said court, charging them with wilfully and maliciously injuring the court house of said county by shooting through the windows, breaking the glass in same, and by shooting against the walls and ceilings of same, injuring said building.

This indictment was laid under section 1258 of the Kentucky Statutes.

Upon the trial the defendants, in addition to their separate pleas of not guilty, offered to file, and did file, a plea of former conviction, in which they said that they had theretofore been arrested, tried and fined by the police court in Falmouth (county seat of same county) for a breach of the peace, by shooting and firing off pistols and other fire arms in the streets of that city. That they had been fined seventy-five dollars each and costs, and had replevied and paid said fines, and that the acts charged in this indictment, as done by them, were the same acts and the same transaction, occurring at the same time and place as those for which

they had theretofore been convicted. They also pleaded the jurisdiction of the police court that tried and fined them.

They filed with this plea copies of the proceedings in the police court and the judgments rendered.

To this plea a demurrer was filed by the Commonwealth and sustained. And of this error the defendants now complain.

On first impression it would appear that the charge of a breach of the peace by shooting fire arms in the town of Falmouth (in police court), and the charge in the indictment of shooting into and against the court house of Pendleton county, are not sufficiently identified in and by the papers of the two proceedings as to be held one and the same thing. On reflection, however, this is not deemed the true test. The Commonwealth by giving different names to the same thing done, or by prosecuting under different statutes, can not multiply offenses out of one and the same thing done by the accused.

The affirmation in the answer or plea of former conviction is that it was one and the same transaction done at the same time and place and no other. This plea presented an issue of fact, and, if denied, must have been established as a question of fact before the jury. And, so, on a demurrer being sustained, the allegations of the plea must be taken as true. And, if true, then the question is presented whether this double prosecution is not inhibited by the constitution, providing that no man shall be twice put in jeopardy of life or limb for the same offense.

The effect of this provision was reviewed at some length by this court in the case of Williams v. Commonwealth, 78 Ky., 93, opinion by Judge Hines, and a liberal construction given to it, saying, in substance, that no man should be twice tried, or twice punished for the same offense.

In that case the Kentucky authorities were reviewed, and it was shown that both by legislative and judicial construction that effect had been given to criminal proceedings, as that one prosecuted for a breach of the peace could not afterward be prosecuted for an assault and battery committed in the same transaction.

Mr. Bishop is shown to favor the same rule, and while he says that out of a given state of facts, criminal in their nature, and violative of different statutes, the Commonwealth may carve out and charge the highest offense, yet having once elected and prosecuted for a minor offense she can not, on the same facts, be afterwards allowed to prosecute for the higher offense.

This court has held it as against the spirit of the rule to cut up or divide one transaction into separate offenses, as that one tried and acquitted for burglary with intent to steal can not afterwards, on another indictment, be convicted of grand larceny, growing out of or committed in the same felonious breaking the house.

And, again, that one acquitted on an indictment for horse stealing shall not be convicted on a separate indictment for stealing a wagon and harness, the evidence showing it to have been but one transaction, committed at the same time and place and by taking from the same party.

Neither can separate felonious takings be so combined in one indictment as to increase the value of the property taken in the aggregate to grand larceny when, separately, the offense was only petit larceny.

The rule seems to be that where the acts done have been selected by the Commonwealth and given in evidence to support any prosecution she may choose to make, even for a smaller offense than she might have charged, yet, on these

same facts, essentially, she can not thereafter successfully maintain another prosecution for a higher offense.

This doctrine has even been once announced in Kentucky, that a prosecution before a magistrate for breach of the peace, by assault and battery, will bar a subsequent prosecution for a felony growing out of the same act done. This was in the case of Commonwealth v. Bright, 78 Ky., 238.

This authority, however, on review, we are inclined to question. While we take it to be true that while of the acts done the whole may properly be laid as misdemeanors only, there the courts having authority to try for misdemeanors may make the election and one prosecution will bar the others.

Yet, it was never intended by this principle or rule to say that a prosecution for a misdemeanor only, in an inferior court having jurisdiction to try misdemeanors only, though on the same facts, would be a bar to a prosecution for a felony. And this distinction rests clearly on the ground that no one can be said to be in jeopardy on a charge for felony, in a court that has no jurisdiction. This is essential, as between felonies and misdemeanors.

Where the highest offense, however, is a misdemeanor, then any court having jurisdiction of any one of the misdemeanors that may have been committed by the accused may elect to try, and if it does so, this trial should bar prosecution for any other misdemeanor.

But where the offense committed was, in fact, a felony, then no court of inferior jurisdiction should be permitted to embarrass the Commonwealth or to shield or protect the prisoner by a prosecution for a misdemeanor.

Thus interpreted this rule affords all necessary protection to both the State and the prisoner.

We put it prominently forward now because we think

it has often been overlooked by text-writers as well as courts. Of course, we are assuming that the first prosecution in this case was in good faith, and not by any fraudulent collusion between the accused and the police judge. There is nothing in this record intimating any such a state of case.

The uniform ruling in this court has been that a trial by collusion of the accused and the officers is of no validity and no protection.

Notwithstanding the court sustained a demurrer to the plea of former conviction in this case, yet the evidence introduced showed clearly that it was the same act complained of, both in the police court and by indictment. Certain it is, that the same facts were given in evidence in both cases, and they have been fined in both. This is not in accordance with the humane spirit of our Criminal Code.

The judgments are reversed for further proceedings not inconsistent with this opinion.