CASE 37—INDICTMENT—SEPTEMBER 21.

# Commonwealth v. Bragg.

APPEAL FROM FULTON CIRCUIT COURT.

CRIMINAL LAW—FORMER ACQUITTAL.—The offense of feloniously breaking a storehouse with intent to steal and feloniously taking goods therefrom (defined by Ky. Stat., sec. 1164), and that of feloniously receiving stolen goods (defined by sec. 1199, *Id.*) can not be properly joined in an indictment; and an acquittal of the former charge constitutes no bar to a prosecution for the latter.

W. S. TAYLOR, ATTORNEY-GENERAL, FOR APPELLANT.

The offense of breaking into a warehouse with intent to steal therefrom and the offense of receiving stolen goods are entirely separate and distinct offenses, and where the same evidence might be competent upon both charges, the offenses are essentially different. Ky. Stats., secs. 1164 and 1199.

SAMUEL H. CROSSLAND FOR APPELLEE.

The defendant might have been convicted upon the second indictment upon the evidence introduced upon the first. Wharton's Crim. Pld. & Pr., secs. 456, 471, 466, 467; Triplett v. Com., 84 Ky., 193; Huff v. Com., 42 S. W. R., 907; Crim. Code, sec. 127.

SAME COUNSEL IN A PETITION FOR A REHEARING.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellee, Bragg, and two others, were jointly indicted under section 1164, Ky. Stat., charged with feloniously breaking a storehouse, with intent to steal, and feloniously taking goods therefrom, etc. A separate trial being had, the appellee was acquitted, the other defendants pleading guilty. At the same term of court appellee was indicted under section 1199, Kentucky Statutes, charged with receiving stolen goods. The second indict-

ment was remanded to the grand jury, and at a subsequent term a new indictment was returned upon the charge of receiving stolen goods, with the addition of the word "feloniously," which had been omitted from the former indictment. Appellee pleaded his trial and acquittal under the indictment for feloniously breaking, etc., in bar of this prosecution, setting out the former indictment, and averring that the acts charged in the second prosecution were degrees of, and included in, the offense for which he had been tried; and alleging further that the offense of receiving stolen goods, knowing them to be stolen, could have been charged in the original indictment. A demurrer to the plea in bar was overruled, and the Commonwealth has appealed.

The sole question presented is whether the acquittal under the indictment for feloniously breaking, etc., is a bar to the prosecution of the indictment for receiving stolen goods. It is true that it might be competent to prove certain facts, such as the possession of the stolen property, under an indictment for either offense; but the offenses charged in the two indictments seem to us to be separate and distinct offenses, which not only could not be joined in one indictment, but are entirely incompatible with each other, for, if appellee was present at the breaking of the storehouse, and took the goods at that time and place, he was a party to the housebreaking, and clearly could not be found guilty of receiving stolen property, within the meaning of section 1199. If appellee was guilty of the one offense as to the particular property found in his possession, he could not have been guilty of the other. Moreover, section 126 of the Criminal Code expressly forbids the joinder in one indictment of charges other than those which are grouped to-

gether in section 127; and, while the latter section permits the joinder of larceny and receiving stolen property, it does not permit such joinder of burglary and receiving stolen property. The two offenses seem to fall within the rule laid down in Bish., New Cr. Law, sec. 1051, where it is said that offenses are not the same "when each indictment sets out an offense differing in all its elements from that in the other, though both relate to one transaction." We are of opinion that it was error to overrule the demurrer to the plea in bar, and the judgment is therefore reversed for further proceedings consistent with this opinion.