CASE 8—INDICTMENT AGAINST THOMAS MANN AND EDWARD MORRIS FOR BURGLARY.—APRIL 29.

# Mann, &c. v. Commonwealth.

APPEAL FROM MASON CIRCUIT COURT—J. P. HARBESON, CIRCUIT JUDGE.

DEFENDANTS CONVICTED AND APPEAL.   AFFIRMED.

BURGLARY—PROSECUTION—FORMER JEOPARDY—CONVICTION FOR SHOOTING—BAR—SEPARATE OFFENSES.

1. Defendants broke into a house at night, and took money in the householder's pocket. On his awaking they shot him, for which they were convicted. An indictment subsequently prosecuted for the burglary alleged the felonious entry, and also the subsequent occurrences, apparently to illustrate the intent. HELD, that the averments as to the shooting were surplusage so that the prior conviction therefor was not a bar to the prosecution for the burglary.
2. Where defendants break into a house at night with intent to steal money, which they abstract from the householder's pocket,

Mann, &c. v. Commonwealth.

and on his awaking shoot him, the burglary and the shooting do not constitute a single transaction out of which two offenses can not be carved, so as to render a conviction of the shooting a bar to a prosecution for the burglary.

J. M. COLLINS, ATTORNEY FOR APPELLANTS.

The facts in this case are that the evidence shows that the defendants Mann and Morris and one Saunders broke into the dwelling house of John B. Farrow with intent to steal therefrom and when Farrow awoke and discovered them they shot him. They were tried and convicted for the offense of maliciously shooting Farrow, with intent to kill, and this indictment is for the burglary committed at the time and occasion of the shooting. Our contention is that the former indictment and conviction is a bar to this prosecution for burglary, it being but one transaction.

### AUTHORITIES CITED.

Section 13, Constitution; sec. 176, Crim. Code; 1 Bishop Criminal Law, 1051, 1057, 1060, 1062, 1063, 1064, 1070; Hickle v. Com., 4 Dana, 518; Fisher v. Com., 1 Bush, 218; Triplett v. Com., 84 Ky., 193; Huff v. Com., 19 Ky. Law Rep., 1064; Roberts v. State, 14 Ga.; Holt v. State, 38 Ga., 187; Hevera v. State, 34 S. W. Rep., 943; Moore v. State, 25 S. W. Rep., 1120; People v. Mc. Gowan, 17 Wend, 368; Reg. v. Walker, 2 Moody and R., 446; State v. Smith, 43 Vt., 324; State v. Lewis, 2 Hawks (N. C.), 98; State v. Cooper, 13 N. J. Law, 361; State v. Colgate, 31 Kans., 511; U. S. v. Lee, 4 Cranch, 446; Reg. v. Elrington, 9 Coxce, 86.

N. B. HAYS, ATTORNEY GENERAL AND LORAINE MIX, FOR APPELLEE.

1. In order to constitute a bar, a former conviction must have been for the same offense as that for which the defendant is being tried.

2. The crime of burglary is a separate and distinct offense from that of maliciously shooting and wounding another with intent to kill, and a conviction of one for malicious shooting and wounding another with intent to kill does put the defendant in jeopardy for the crime of burglary in the same house on the same occasion of the shooting and wounding, the burglary having been completed before the shooting and wounding occurred.

### CITATIONS.

Rose v. Commonwealth, 19 R., 272; Wharton's Criminal Law (9th Ed.), secs. 758, 759; Ky. Stat., 1166; Criminal Code, secs.

176, 177; Am. & Eng. Ency. of Law, vol. 2, pp. 967, 937, 939, 947, 39 La., 811; (2 South, 539, State v. Faulkner), Vowell v. Commonwealth, 83 Ky., 193; Roberts v. Commonwealth, 9 R., 88; Vowell v. Com., 86 Ky., 313.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellants, Thomas Mann and Edward Morris, were indicted and convicted of burglary, their punishment being fixed at confinement in the penitentiary for ten years. The proof shows that they, in company with one Charles Sanders, went from Maysville in a buggy about ten miles to the house of John B. Farrow, or near it, and there tied their horse, and after entering the house through the window, in the night time, proceeded to rob Farrow by taking some money that was in his pants pocket. Some noise they made waked up Mrs. Farrow, who roused her husband, and thereupon the defendants or one of them, shot Farrow in the arm, and also in the back. The same grand jury that found the indictment for burglary also found an indictment against them for shooting Farrow, and on this last indictment they were tried and convicted. Mann appealed to this court, and that judgment was affirmed. Mann v. Commonwealth, 25 R., 1964; 79 S. W., 230. When arraigned on the charge of burglary, they pleaded the conviction under the indictment for the shooting of Farrow, in bar of the proceeding.

While the indictment on the charge of burglary contains some unnecessary averments as to the larceny committed by them after they entered the house, it is a charge only of burglary, the allegations as to the stealing of the money by putting Farrow in fear and shooting him being apparently only added to illustrate the felonious intent with which the defendants entered the house as charged in the indictment. The burglary was complete when the felonious entry was made, and the defendants might have been indicted and con-

victed therefor, although they had stolen nothing in the house, or committed no other crime after they entered it. The allegations, therefore, of the indictment, as to what they did after they entered the house, are surplusage, although the facts so alleged might be properly given in evidence before the jury, on the trial, to show the intent with which the entry was made. These averments are simply statements of evidential matter, which should have been omitted from the indictment.

Burglary is defined as "the breaking and entering in the night of another's dwelling house, with intent to commit a felony therein." 1 Bishop on Criminal Law, sec. 559. "If a man in the night time breaks into a dwelling house, intending to commit therein some act which in the law is felony, he is guilty of burglary, whether he succeeds in doing what he meant or not." 1 Bishop on Criminal Law, sec. 437. It is insisted, however, for appellants that the defendants entered the house to steal the money, and that the entry of the house, the stealing of the money, and the shooting of Farrow were all one transaction, done in pursuance of one intent, and that out of it the Commonwealth can not carve two offenses. In support of this view we are referred to a number of authorities. Thus in Fisher v. Commonwealth, 64 Ky., 211; 89 Am. Dec., 620, where the defendant by the same act and with the same intent took a horse, wagon, and harness, it was held that an acquittal of stealing the horse was a bar to an indictment for the stealing of the wagon and harness, and the rule was applied that out of one transaction committed with the same intent two offenses could not be carved. The same rule was applied in Triplett v. Commonwealth, 84 Ky., 193; 1 S. W., 84, where an acquittal of the offense of burglary was held a bar to a prosecution for a larceny forming part of the

same transaction. The court said: "At common law, in an indictment for burglary, a count might be added for the larceny when there had been an actual taking, and it therefore resulted that an acquittal of the burglary with intent to steal constituted no bar to a prosecution for the actual theft. Without the intention to commit a felony, the mere fact of breaking would not, at common law, constitute a burglary; and when the intent to steal is charged and the party acquitted, it would seem that a subsequent indictment for grand larceny, with the same facts developed on the trial, would be placing the accused in jeopardy the second time for the same offense. The weight of authority, we are aware, is adverse to such a view of the question, but the whole reason and philosophy of the law, as well as justice to the accused, require a different ruling."

In Herera v. State (Tex. Cr. App.) 34 S. W., 943, it was held by the Texas court that a conviction for assault with intent to kill was a bar to an indictment for robbery committed in the same transaction. But none of these cases are precisely in point here. It is misleading to say that the shooting of Farrow and the burglarious entry of the house were committed in the same transaction, in the sense in which this term is used by the authorities. See 1 Bishop on Criminal Law, sec. 1060. Thus in the Fisher case the one act of the defendant was the taking of the horse, wagon, and harness; but here there were two acts of the defendant —the burglarious entry of the house and the shooting of Farrow in the house after this act had terminated These are no more one transaction than if the defendants had successively shot two different persons in the same difficulty. The shooting of Farrow could not have been set out in a second part of the indictment for burglary, or joined with that charge. The robbery of the person by put-

ting him in fear was not complete before the assault with intent to kill was committed; so, therefore, neither the Triplett case nor the Herera case applies. In the case before us the entry into the house was for the purpose of theft. The shooting of Farrow came about because he waked up, and was nothing more than a new offense which the commission of the offense intended induced the defendants to commit. It is no more one transaction than it would be if the defendants had set fire to the house, after robbing it, to conceal the evidence of their crime, or had shot Farrow's son as they escaped, to prevent his being a witness against them.

In Teat v. State, 24 Am. Rep., 708, two men were wounded mortally by two almost simultaneous shots fired by the defendant and another, lying in ambush. It was held that a conviction for the killing of one of the men was not a bar to an indictment for the killing of the other. In State v. Nash, 41 Am. Rep., 472, the defendant fired twice in quick succession upon a crowd of persons, wounding one at the first shot and another at the second. It was held that a conviction for the wounding of the first was not a bar to an indictment for the wounding of the second. In Jones v. State (Miss.) 6 South, 231, 14 Am. St. Rep., 570, the defendant wounded two men in the same difficulty. The conviction for one was held no bar for a prosecution for the other. To same effect are McCoy v. State, 46 Ark., 141; Augustine v. State (Tex. Cr. App.) 52 S. W., 77; Winn v. State, 82 Wis., 571, 52 N. W., 775; Greenwood v. State, 64 Ind., 250; Ashton v. State, 31 Tex. Cr. R., 482, 21 S. W., 48; Samuels v. State, 25 Tex. App., 538, 8 S. W., 656. Other cases are also collected in a note to State v. Nash, 41 Am. Rep., 475. Referring to this line of cases, Mr. Bishop, in the last edition of his work on Criminal Law, sec. 1061, says: "Obviously, there is a difference between one volition and one trans-

action.   And, on a view of our combined authorities, there is little room for denial that in one transaction a man may commit distinct offenses of assault or homicide upon different persons and be separately punished for each." So in Ameri- can & English Encyclopedia of Law, vol. 17, p.. 603, it is said: "A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is im· possible to separate the evidence relating to them on the trial for the one of them first had." It has been held that, if a man burns a dwelling house and thereby takes the life of one of the immates, he can not, after being convicted of arson, be also ,convicted of murder; and so it has been held that if a man by the same blow wounds two men, or kills two by the same discharge of a gun, a conviction for the wounding or killing of one will bar a prosecution for the wounding or killing of the other; but on this subject the authorities are divided.  Bishop's New Criminal Law, secs. 1058-1061.  The ruling in the arson case is put on the ground that the force which the defendant started destroyed the house and killed the person without any further action or new impulse from him.  The ruling in the cases where two persons are wounded or killed by the same act is put in part on the ground that the wounding or killing of both might be charged in one indictment, and in part on the ground that there was no new impulse or act on the part of the defendant.  But in the case before us the defendant could not be prosecuted under one indictment for the bur- glary and the shooting of Farrow.  Here there was a new volition on the part of the defendant, and a new force set in motion by him, after the burglary was complete.  If he can not be prosecuted in separate indictments for the two offenses, it results that although he committed both, one

beginning after the · other was committed, and being the result of a separate volition as well as a new force, the constitutional provision forbidding his being twice punished for one offense will operate to shield him from punishment for a separate and independent offense simply because it .was followed in close succession by another offense which he committed.

Judgment affirmed.

.Whole court sitting.