CASE 52.—PROSECUTION AGAINST JACK HUGHES FOR
FALSE SWEARING.—January 21.

# Hughes v. Commonwealth

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Defendant convicted and appeals.—Affirmed.

1. Criminal Law—Former Conviction—Identity of Offenses—
Illegal Registration—False Swearing.—Ky. Stats. 1909, sec-
tion 1503, provides that a person registering as a voter
illegally shall be guilty of a misdemeanor, and on conviction,
shall be imprisoned in the county jail not less than 1 nor
more than 12 months. Section 1589 provides that any person
who shall willfully make any false statement under oath at
an election shall be confined in the penitentiary from 1 to 5
years. Held, that, since proof necessary to sustain a con-
viction for illegal registration would not sustain a conviction
for false swearing while defendant was so registering
illegally, the two offenses were separate and distinct, so that
a conviction for illegal registration would not sustain a plea
of former conviction against an indictment for false swearing
at such registration.

2. Criminal Law—Division of Offenses—Former Conviction.—The
commonwealth cannot divide an act constituting one offense
into two or more parts and prosecute for each of them; but
where two offenses occur out of an identical transaction,
and the commonwealth elects to prosecute for the lesser
offense, a conviction or acquittal will bar a prosecution for
the greater.

3. Criminal Law—Different Offenses—Election.—When a criminal
act is committed that constitutes more than one offense, the
commonwealth may elect the one for which it will prosecute,
and, having made the election, will be bound thereby, and
cannot thereafter prosecute for another.

4. Criminal Law—Merger of Offenses.—One offense will not be

Hughes v. Commonwealth.

merged in another unless they are in fact the same, and there is identity of time, place, and circumstances.

MAURY KEMPER, G. ALLISON HOLLAND and WALLACE MUIR for appellant.

AUTHORITIES CITED.

Ky. Stats., sec. 1503; Ky. Stats., sec. 1589; Constitution of Kentucky, sec. 13; Ky. Stats., sec. 1489; Michael on Law of Merger, 20 Am. & Eng. Ency. 607; Triplett v. Comth., 84 Ky. 193; Reddy v. Comth., 17 Ky. Law Rep. 536; Carman v. Comth., 25 Ky. Law Rep. 1049; C. & O. R. R. Co. v. Comth., 88 Ky. 368; Hurst v. State, 71 Ala. 307; Roberts v. State, 58 Am., sec. 539; Quitzow v. State, 20 Wis. 58; Woodford v. People, 62 N. Y. 117; Regina v. Trueman, 8 Car. & P. 727; Ben v. State, 22 Ala. 9; Rex v. Benfield, 2 Burr 980; Wharton's Criminal Pleading, sec. 254; Clem v. State, 42 Ind. 420; State v. Damon, 2 Tyler (Vermont) 387; State v. Cooper, 13 N. J. L. 361; State v. Lewis, 2 Hawks 98.

JAMES BREATHITT, Attorney General, and TOM B. Mc-GREGOR, Assistant Attorney General, for appellee.

AUTHORITIES CITED.

Comth. v. Murphy, 33 Ky. Law Rep. 141; Ky. Stats., sec. 1503; Ky. Stats., secs. 1589 and 1174; Comth. v. Olds, 15 Ky. 137; Bishop's Criminal Law, 7 ed., sec. 1051; Ballowe v. Comth., 19 Ky. Law Rep. 1867; Bishop's New Criminal Law, sec. 1052; Clark's Criminal Procedure, 396; Clark's Criminal Procedure, 400; Clark on Constitutional Law, 588; Durham v. People, 39 Am. Dec. 407; Guedel v. People, 43 Ill. 230; Turner v. Comth., 19 Ky. Law Rep. 1161; Ky. Stats., secs. 1503, 1589 and 1174.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

This record presents a single question of law, and that is whether or not the plea of former conviction interposed by appellant as a defense to the prosecution against him should have been sustained. It grows out of the following facts:

In 1907 an indictment was found by the grand jury

of Fayette county against appellant, charging him with the offense of illegal registration. He was tried under this indictment, and convicted, and satisfied the judgment by serving in the county jail the term of imprisonment imposed upon him as a penalty. Afterwards an indictment was returned against him in the same court and county, charging him with the offense of making a false oath for the purpose of enabling him to be registered at the time he committed the offense of registering illegally. In other words, at the same time and place, and as a part of the same transaction, appellant committed the offense of illegally registering and the offense of making a false oath in order that he might be then registered. The trial court rejected his plea in bar, and, being put upon trial for the crime of false swearing, he was convicted, and his punishment fixed at imprisonment for one year in the State penitentiary.

The offense of illegal registration, and the penalty therefor, is defined in section 1503 of the Kentucky Statutes for 1909 reading as follows: "Any person who shall cause himself to be registered in more than one election precinct (or give a false number of the ward of his residence), or otherwise than is provided in section one thousand four hundred and ninety-seven of this article, or more than once in the same precinct, or who shall cause himself to be registered, knowing that he is not lawfully entitled to registration, and any person who shall aid or abet in the commission of any of said acts, shall be deemed guilty of a misdemeanor, and shall be imprisoned in the county jail not less than one nor more than twelve months."

The offense of false swearing is defined in section 1589 of the statutes, as follows: "Any person who shall make any wilfully false statement, under an oath

Hughes v. Commonwealth.

duly administered at an election, shall be confined in
the penitentiary from one to five years. Any person
who shall willfully procure another to make such
false statement shall be confined in the penitentiary
one year.''

The contention of counsel for appellant is that, as
appellant's right to register was challenged, it there-
fore became necessary that he should take the re-
quired oath before being allowed to register, and that
having taken the oath, and thereupon registered, the
act of taking the oath and the act of registration were
but parts of a single act, as in taking the oath he was
only doing one of the things necessary to his registra-
tion, and that, as a separate penalty was prescribed
for each of the two parts of this act, the Common-
wealth had the right to elect which one of them it
would prosecute, and, having made the election to
prosecute for the offense of illegal registration, it
could not afterwards prosecute him for making a
false oath.

The defense presented in this case has been often
made, and it has received full consideration, not only
from this court, but from text-writers on criminal
law and other courts of last resort. It is a part of the
Constitution of this State that ''no person shall for
the same offense be twice put in jeopardy of his life
or limb,'' and the same provision is found in the
Constitution of the United States and in the Constitu-
tions of all the States that we have examined. Under
this constitutional provision there is no difference of
opinion that the accused can not, after he has been
convicted or acquitted, be again put upon trial for
the same offense. And it has also been frequently
held that a conviction or an acquittal of a lesser of-
fense will bar a prosecution for a larger one growing

out of the same identical transaction. Thus in Commonwealth v. Gill, 90 S. W. 605, 28 Ky. Law Rep. 879, Gill, having been arrested charged with committing a breach of the peace by assaulting Pearl Young, was tried and convicted of this offense in the court of a justice of the peace. Afterwards he was indicted in the circuit court for the offense of assault and battery committed upon the person of Pearl Young by beating her with a stick, the offense being the same for which he had been arrested and convicted in the justice's court. In holding that the conviction in the justice's court was a bar to a prosecution under the indictment, the court said: "The facts constituting the offense tried by the justice and those constituting that tried by the court are identical in every respect except in the names of the offense. It is now too well settled in Kentucky to warrant serious question that the Commonwealth can not carve two offenses out of one misdemeanor and convict the defendant on both. The State has an election of trying the defendant either upon the lower or higher offense into which it may be divisible, but it must elect at its peril. If he is tried on the lower offense, the judgment on the merits as to this constitutes a bar to any other further prosecution for the higher degree."

In this connection, however, the rule laid down in Reddy v. Commonwealth, 97 Ky. 784, 17 Ky. Law Rep. 536, 31 S. W. 730, should be kept in mind. In that case the court said: "While we take it to be true that if the acts done may properly be laid as misdemeanors only, there the courts having authority to try for misdemeanors may make the election, and one prosecution will bar the others. Yet it was never intended by this principle or rule to say that a prosecution for a misdemeanor only, in an inferior court

Hughes v. Commonwealth.

having jurisdiction to try misdemeanors only, though on the same facts, would be a bar to a prosecution for a felony. And this distinction rests clearly on the ground that no one can be said to be in jeopardy on a charge for felony in a court that has no jurisdiction. Where the highest offense, however, is a misdemeanor, then any court having jurisdiction of any one of the misdemeanors that may have been committed by the accused may elect to try, and, if it does so, this trial should bar prosecution for any other misdemeanor growing out of the same transaction. But where the offense committed was in fact a felony, then no court of inferior jurisdiction should be permitted to embarrass the Commonwealth or to shield or protect the prisoner by a prosecution for a misdemeanor.''

Nor will the Commonwealth be permitted to divide an act constituting one offense into two or more parts and prosecute for each of them. This principle has been frequently applied by this court. Thus, in Fisher v. Commonwealth, 1 Bush 211, 89 Am. Dec. 620, two indictments were found against Fisher, one of them charging him with having stolen a horse, and the other with having stolen a wagon and harness. Upon a trial under one of the indictments there was an acquittal, and this acquittal he pleaded in bar of a prosecution under the other, resting his plea upon the ground that the horse, wagon and harness belonged to the same person and were taken at the same time, and hence the taking constituted but one act or offense. In holding that the plea was good, the court said: ''We do not regard the two indictments as for different grades of the same offense, nor for distinct and independent offenses, but different offenses arising out of one and the same transaction, having

most of their constituent elements in common with each other, either of which may have been the subject of a conviction by proving the entire transaction; and yet, one of them having resulted in either a conviction or an acquittal, no conviction could be had as to the other without reproducing the same transaction in evidence.'' And this ruling was approved in Williams v. Commonwealth, 78 Ky. 93; Triplett v. Commonwealth, 84 Ky. 193, 1 S. W. 84, 8 Ky. Law Rep. 67; Huff v. Commonwealth, 42 S. W. 907, 19 Ky. Law Rep. 1064.

In the case of Nichols v. Commonwealth, 78 Ky. 180, the principle applied in the Fisher case was extended so as to constitute one prosecution a bar against other indictments, although the property stolen belonged to different persons, if it was all taken at the same time and by the same act.

And it has also been ruled that when a criminal act is committed that constitutes more than one offense, and there might be more than one prosecution against the perpetrator, the Commonwealth has the right to elect which one of the offenses that may be carved out of the act it will prosecute for; but, having made the election, it will be bound and can not thereafter prosecute for another offense. Thus, in Carman v. Commonwealth, 76 S. W. 1078, 25 Ky. Law Rep. 1048, a case on the very border line, it appeared that Carman was convicted of the statutory offense of shooting at random on the public highway. Afterwards he was arrested on the charge of flourishing and using a deadly weapon in a threatening and boisterous manner, which is also a statutory offense. Upon the trial for the latter offense, he pleaded in bar the conviction, and offered to prove that the two charges were for identically the same offense; that he at the same

Hughes v. Commonwealth.

time and by the same act flourished in a threatening manner the pistol with which he fired the shots at random. The court held that the plea was good, saying: "The Commonwealth by giving different names to the same thing, or by prosecuting under different statutes, can not multiply offenses out of one or the same series of acts commited by the accused. The rule seems to be that, where the acts done have been selected by the Commonwealth and given in evidence to support any prosecution she may choose to make, even for a smaller offense than she might have charged, yet on these same facts she can not thereafter successfully maintain other prosecution for the higher offense."

On the other hand, two distinct and independent offenses may grow out of the same original transaction, and a conviction or acquittal in one will not be a bar to a prosecution for the other. This is illustrated where the same person commits a forgery and also utters the forged paper, there being a statute making each a punishable offense (Hooper v. State, 30 Tex. App. 412, 17 S. W. 1066, 28 Am. St. Rep. 926), and is well exemplified in Mann v. Commonwealth, 118 Ky. 67, 80 S. W. 438, 111 Am. St. Rep. 289, 25 Ky. Law Rep. 2281, where the court said: "A putting in jeopardy for one act is no bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had."

And so it was held in Commonwealth v. Vaughan, 101 Ky. 603, 42 S. W. 117, 45 L. R. A. 858, that a conviction of the offense of furnishing liquor to a minor was not a bar to a prosecution for selling the same liquor in violation of the local option law. In

the same line is the Commonwealth v. Bragg, 104 Ky. 306, 47 S. W. 212, 20 Ky. Law Rep. 541, where it was held that an acquittal for the offense of feloniously breaking a storehouse with intent to steal, a crime defined and punished by statute, was not a bar to a prosecution under another statute for receiving stolen goods, although the plea in bar set out that the goods received were the same goods taken from the warehouse; the court holding that the offenses were distinct, although both related to the same transaction.

Many other authorities might be reviewed, and phases of the doctrine of former jeopardy in the numerous cases in which it has been presented discussed; but this would involve a digression from the questions presented by this case, in which the controlling and dicisive ones are, Were the two offenses the same act? or, Did the act of illegal registration and the act of false swearing, although growing out of and being a part of the same transaction, constitute two separate and distinct offenses? If they did, a conviction for one is not a bar to a prosecution for the other. As we have endeavored to show, the mere fact that the two offenses spring from the same transaction does not of itself make them one and the same act, nor does it prevent the Commonwealth from maintaining a prosecution for both of them. The test generally applied to determine whether two offenses growing out of the same transaction constitutes in fact but one criminal act or two distinct criminal acts, and the one that meets with our approval is, "whether, if what is set out in the second indictment had been proved under the first, there could have been a conviction." Bishop's New Criminal Law, Vol. 1, section 1052. The same author makes a more elab-

orate statement of this test in Vol. 1, section 1051, where he says: "Offenses are not the same, when (1) the two indictments are so diverse as to preclude the same evidence from maintaining both; or when (2) the evidence to the first and that to the second relate to different transactions, whatever be the words of the respective allegations; or when (3) each indictment sets out an offense differing in all its elements from that in the other, though both relate to one transaction—a proposition of which the exact limits are difficult to define. * * * (5) On the other side, the offenses are the same whenever evidence adequate to the one indictment will equally sustain the other. Moreover, (6) if the two indictments set out like offenses and relate to one transaction, yet if one contains more of criminal charge than the other, but upon it there could be a conviction for what is embraced in the other, the offenses, though of differing names, are, within our constitutional guaranty, the same."

This test is approved in Clarke's Criminal Procedure, section 396; Black on Constitutional Law, p. 588; Cooley on Constitutional Limitations, p. 401; Turner v. Commonwealth, 42 S. W. 1129, 19 Ky. Law Rep. 1161; Commonwealth v. Vaughan, 101 Ky. 603, 42 S. W. 117, 45 L. R. A. 858; 12 Cyc. 280; 17 Am. & Eng. Ency. of Law 597.

Applying to the case before us this generally accepted test, the question presented is, Would proof of the facts set out in the indictment for false swearing have been sufficient to secure a conviction under the indictment for illegal registration? Manifestly not, as it is not at all essential to sustain a prosecution for illegal registration that the person shall have first taken an oath that he was entitled to register. If

appellant had not been sworn as to his qualifications, and had registered illegally, he might have been convicted of this offense.    The fact that he was required to make an oath that he was entitled to register did not in a prosecution for illegal registration dispense with the necessity of proving its illegality.    Nor was it necessary to a conviction for false swearing that the Commonwealth should show the act of registration.    Under the indictment for making a false oath, a conviction could be had without proof of registration, upon evidence that a false oath was in fact made.    It will thus be seen that the two offenses are distinct, independent acts, although growing out of the same transaction.

The error in the argument for appellant consists in the assumption that the crime of false swearing was merged in the act of illegal registration.    That it was one of the means by which the registration was accomplished may be conceded, but it does not follow from this that there were not two distinct, independent offenses committed.    The same methods may be used in committing two crimes, and the processes employed may be part of the same transaction, and yet the two things be distinct and independent of each other. Thus, a person who shoots at randon on the highway may be convicted of that offense after he has been convicted of the offense of carrying concealed the pistol with which he did the shooting, although except for the fact that he had the pistol he could not have done the shooting.    And so a person who forges a paper may be convicted of uttering it, and afterwards be convicted of the forgery, yet he could not utter the paper until he had forged it.    Other illustrations of this character might be employed, but we do not deem it necessary.    One offense will not be merged in an-

other unless they are in fact the same. There must be identity of time, place, and circumstances. Triplett v. Commonwealth, 84 Ky. 193, 1 S. W. 84, 8 Ky. Law Rep. 67. In short, repeating again the language of the Constitution, no person should be twice put in jeopardy for the same offense. The offense—that is, the act—must be the same. The test that it must be the same offense or act will be found in all the textbooks, although some courts and writers have attempted to make nice refinements and technical distinctions as to what is the same offense. That the offenses must be the same was the ancient common-law test, and it is a good one. Blackstone, Vol. 4, p. 335; Russell on Crimes, Vol. 1, p. 833. And for the purpose of applying this test, and thereby deciding whether, measured by it, the plea of former conviction or acquittal is good, the rule of criminal practice has been generally adopted that if what is set out in the second indictment had been proved under the first, and there could have been a conviction, the first will be a bar. A too liberal construction of this constitutional guaranty is not essential to preserve the rights of the citizen or protect him from vexatious prosecutions, nor, on the other hand, should the State be allowed to unjustly harass an accused person by instituting more than one prosecution against him for the same offense. The rights of the individual as well as the public will be well protected by following the language of the Constitution and giving to it a fair and reasonable construction.

In our opinion, the prosecutions instituted against the appellant were not for the same offense, and therefore his plea of former conviction was properly rejected.

The judgment is affirmed.