State v. Ragan.

No. 26,866.

THE STATE OF KANSAS, *Appellee*, v. HARRY RAGAN, alias HARRY TURNER, et al., *Appellants*.

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Former Jeopardy — Robbery and Murder as Involved in Same Transaction.* The defendant with three others in a stolen automobile, defendant at the wheel, drove to a drug store, with robbery in view. Defendant remained in the car while his three companions proceeded to rob the store. While the robbery was being perpetrated, and at the approach of officers, defendant got out of the car and fled. Without knowledge of the robbery, and after its completion but before the robbers had departed, the officers entered the store, when one of them was shot by one of the robbers, death ensuing. Defendant was acquitted of the charge of murder and in a later action for robbery, filed a plea of former jeopardy. *Held*, such plea was properly overruled.

2. SAME—*Former Jeopardy—Identity of Offenses as Ultimate Test.* In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not necessarily decisive that the two offenses may have some material fact in common. (*State v. Schmidt,* 92 Kan. 457, 140 Pac. 843.)

3. SAME — *Improper Argument to Jury — Necessity for Objection.* Alleged prejudicial statements by the county attorney in his arguments to the jury do not require a reversal where timely objection is not made thereto and where the substantial rights of the defendant are not affected.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. Mc-CAMISH, judge. Opinion filed May 7, 1927. Affirmed.

*E. A. Enright* and *J. R. Stanley,* both of Kansas City, for the appellants.

*William A. Smith,* attorney-general, *Roland Boynton,* assistant attorney-general, *Arthur J. Mellott,* county attorney, and *H. J. Emerson,* deputy county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.:   The defendant was convicted of robbery and appeals. The facts are substantially these:

On the night of December 20, 1924, between 10:30 and 11 p. m., the defendant with three others in a stolen automobile, defendant at the wheel, drove to the R. S. Parker drug store, at Tenth and Ohio avenues, Kansas City, Kan. The defendant remained in the car

Criminal Law, 16 C. J. pp. 263 n. 34, 265 n. 48, 266 n. 49, 273 n. 24, 29, 31 new; 17 C. J. pp. 62 n. 94, 368 n. 5; 20 A. L. R. 341; 8 R. C. L. 143, 151.

while the three companions proceeded to rob the store. While the robbery was being perpetrated, officers Little and Markl approached the car. The defendant, seeing their approach, got out of the car and fled from the scene. He was pursued, but at that time escaped. It appears that officer Rudolph Markl then entered the drug store, made some investigation and was about to leave when he was shot by one of the robbers, Davis, from which shot he later died. The defendant was tried for the murder of Markl and acquitted. Davis was convicted. The defendant was later charged with robbery, and filed a plea in bar contending that his acquittal of the charge of murder which was committed in the perpetration or attempt to perpetrate a robbery, precluded his prosecution on the charge of robbery. His plea was overruled. He was tried and convicted and brings the case here.

The state contends that the killing of officer Markl by Davis was not in the perpetration of the robbery; that the robbery was completed at the time Markl entered the drug store; that at the time of the shooting which resulted in Markl's death, no act of robbery was being perpetrated, and that the acquittal of the defendant of the murder charge did not carry with it an acquittal on the charge of robbery.

The defendant claims to have left the scene of the crimes at his first opportunity to escape from his associates. The jury, however, decided that issue adversely to his claim. The jury undoubtedly believed that he left the scene of the robbery because he saw the officers and feared that they would take him into custody, while the jury in the murder case resolved the question of fact as to defendant's presence and connection with the murder in his favor, i. e., that defendant had abandoned his three companions and was no longer a party to their acts when the shooting occurred.

The question of the identity of offenses was considered in *State v. Schmidt,* 92 Kan. 457, 140 Pac. 843, where it was said:

"In criminal cases the ultimate test applied in determining the validity of a plea of former conviction or former acquittal is identity of offenses, and it is not necessarily decisive that the two offenses may have some material fact in common." (Syl. ¶ 2.)

In *Warren v. State,* 113 N. W. 143 (79 Neb. 526), it was said:

"When a plea of former jeopardy is made by reason of *autrefois acquit,* the test to determine the identity of the two offenses is whether the evidence necessary to convict in the second case was admissible under the former charge,

State v. Ragan.

related to the same crime, and was sufficient to have warranted a conviction upon the former charge. If such condition is shown to exist, the former acquittal is a bar to the second prosecution, but otherwise it will not operate to prevent prosecution upon another charge, even though based upon acts closely related in point of time."

If the facts which will convict upon the second prosecution would not necessarily have convicted on the first, then the first will not be a bar to the second, although the offense charged may have been committed under the same state of facts. (8 R. C. L. 143, 144.) A putting in jeopardy for one act is not a bar to a prosecution for a separate and distinct act, merely because they are so closely connected in point of time that it is impossible to separate the evidence relating to them on the trial for the one of them first had. Consequently a plea of former jeopardy will not be sustained where it appears that in one transaction, two distinct crimes were committed. (8 R. C. L. 151.)

In *Mann & C. v. Commonwealth*, 118 Ky. 67, 80 S. W. 438, 111 A. S. R. 289, it was said substantially that the burglarious entry of a house and the shooting of the owner therein by the same person after the burglarious act has terminated do not constitute a single transaction out of which two offenses cannot be carved so as to render a conviction for the shooting a bar to a prosecution for the burglary.

It has been held that:

"An acquittal of a defendant upon the charge of murder in the first degree, while attempting to perpetrate a robbery (under section 12400, General Code), is not a bar to a prosecution for the crime of robbery (under section 12432, General Code), even though committed upon the same person named in the former charge, and the robbery was a part of the same criminal act referred to in the indictment for murder." (*Duvall v. State*, 111 Ohio St. 657.)

"Where the plea of former jeopardy is urged, there is not an identity of offense because evidence adduced on the second charge would be sufficient to convict the prisoner on the first charge, but the true test is: Could the defendant have been convicted upon the first indictment upon proof of the facts alleged in the record of the second indictment? Where two or more persons are injured by a single criminal act, there are as many separate and distinct offenses as there were persons injured by the unlawful act, and as affecting the plea of former jeopardy, it matters not whether a trial for one of such offenses resulted in a conviction or acquittal; there being no difference between pleas of *'autrefois convict'* and *'autrefois acquit.'*" (*People v. Brannon*, 70 Calif. App. 225, 233 Pac. 88.)

(See, also, *Wallace v. Commonwealth*, 207 Ky. 122; *State v. Jelli-*

26—123 Kan.

*son,* 104 Me. 281, 71 Atl. 716; *State v. Bobbitt,* 228 Mo. 252, 128 S. W. 953; *People v. Grzesczak,* 137 N. Y. S. 538.)

The defendant cites and relies on *State v. Colgate,* 31 Kan. 511, 3 Pac. 346; *In re Gano,* 90 Kan. 134, 132 Pac. 999; and *State v.* *Mooney,* 93 Kan. 353, 144 Pac. 228. The principles enunciated in those cases are not applicable to the facts here. For instance, in the Colgate case a mill and its contents, including books of account, were destroyed by a single fire. The defendant was acquitted on a charge of setting fire to and burning the mill. It was held that such acquittal was a good defense to a subsequent prosecution for setting fire to and burning the books of account. Defendant himself draws the distinction. His brief contains this statement:

"Davis killed a detective, who came into the drug store and did not know anything of the robbery and was leaving the store, when Davis ran to him and shot him. It was not really done in perpetrating the robbery at all, as no act of the robbery was then being done. It was, however, so related as to make a distinction almost impossible and was not attempted in Ragan's defense."

The instant case is also to be distinguished from *State v. Mowser,* 106 Atl. 416, 4 A. L. R. 695, also relied on by the defendant, where in the opinion it was said:

"The principle to be extracted from well-considered cases is that by the term, 'same offense,' is not only meant the same offense as an entity and designated as such by legal name, but also any integral part of such offense which may subject an offender to indictment and punishment. *Reg., ex rel. Thompson, v. Walker,* 2 Moody & R. 457, *Reg. v. Stanton,* 5 Cox, C. C. 324. When such integral part of the principal offense is not a distinct affair, but grows out of the same transaction, then an acquittal or conviction of an offender for the lesser offense will bar a prosecution for the greater." (p. 420.)

Error is predicated upon statements by the county attorney in his argument to the jury to the effect that "the grass was growing over the grave of Rudolph Markl, murdered in the robbery of which the defendant Harry Ragan participated, aided and abetted; that Ragan, the night of the robbery, was out to rob to get money to support two women with whom he was living; and that the argument of Ragan's attorney was Bolshevik, that he talked like Trotsky and Lenine and was wholly anarchistic." The state contends that if the statements could have been considered prejudicial, the same was removable by a proper instruction of the court if requested by the defendant, from which we understand no objection was made to the alleged prejudicial statements. A case will not be reversed on account of a prejudicial statement by the county attorney where the

trial court's. attention was not directed thereto by timely objection and where no substantial right of the defendant has been affected. (See *State v. Smith*, 114 Kan. 186, 217 Pac. 307.)

The judgment is affirmed.