ALBANY,
Feb. 1826.

Ex parte
Hunt.

picion of abuse; and, indeed, it appeared affirmatively, that there was nothing that followed the separation, which could be injurious to the party seeking to get rid of the verdict. The present case is far different. After practicing a fraud on the constable, several of the jurors are found in a public bar-room, where the subject of the suit was much talked of in their presence; and it is not pretended that they did not listen to the conversation; and might not have been influenced by it. This is not to be tolerated. Here is not only suspicion of abuse; (and we have uniformly held that the slightest suspicion of this sort, will vitiate the verdict;) but we think the circumstances of this case, in themselves, amount to positive abuse. They evince that want of respect in the jury, to the obligations imposed upon them by their situation, which cannot be sanctioned consistently with the right of parties. They procured their separation by a very unbecoming artifice; thus placing themselves in a situation to be practiced upon, and influenced by conversation out of doors. Such conversation was carried on in the presence of some of them. Indeed, it is difficult to see how the suspicions which attach to this case, could be explained away. The motion must be granted, with costs to abide the event.

Rule accordingly.

---

## Ex parte Hunt.

The statute
(1 R. L. 286.
s. 21,) requiring a grand
child to support his indigent grand
parents, extends to the
case of his indigent maternal grand parents.

At their last August term, the general sessions of Washington county made an order on Hunt, (among others) pursuant to the statute, (1 R. L. 286, sect. 21,) to maintain W. S. and E. his wife, paupers, on the ground that Hunt's father married the daughter of the paupers; and that Hunt was the son of that marriage.

D. Russell, moved for a mandamus, commanding the sessions to vacate their order. He said the statute does not compel a man to maintain the indigent parents of his wife. (1 Bl. Com. 448, Christian's note. Reeve's Dom. Rel.

284. 2 Ld. Raym. 1454. 1 Str. 190. 4 T. R. 118. Kirby's Rep. 156.) Now, if the father of Hunt was not bound to maintain the paupers, clearly Hunt himself ought not to be bound. He would be bound to maintain the indigent parents of his father. If of his mother also, a most unreasonable burthen is thus imposed.

ALBANY,
Feb. 1826.

The People
v.
Judges of Columbia.

The motion was not opposed; but

· *Per curiam.* The statute is, that, the children and grandchildren shall maintain their indigent parents and grand parents. The paupers are the maternal grand parents of Hunt.

He is thus within the terms of the statute ; and we see no reason, in principle or authority, why he should be exempted. The authorities cited, exempt the son-in-law, on the ground that the statute means natural relations only, which is not this case. We have nothing to do with the question of expediency.

It is questionable whether a mandamus lies, the matter being *res judicata* in the court below. But whether it does or not, we are clear against the relator on the merits.

Motion denied.

---

THE PEOPLE *ex rel.* HAYWOOD, *against* THE JUDGES OF
COLUMBIA.

ON returning the mandamus granted in *ex parte Haywood,* (ante 19,) the facts were the same in substance as in that case ; and the court ordered a peremptory mandamus.

Under the act, (sess. 47, ch. 238, s. 36, 38,) an appeal lies in all cases, whether the judgment of the justice be upon an issue of law or fact.

*D. B. Tallmadge,* for the plaintiffs.

*C. Bushnell,* for the defendants.