## No. 3.—Ezekiel A. Roberts and Gideon Copenhaven *vs.* the State of Georgia.

[1.] In a prosecution for robbery, where the prisoner relied upon a plea of *autre fois convict*, on a charge of burglary, the indictment in that case, having charged the breaking and entering with intent to commit the robbery, which by demurrer to the plea, was admitted to be the same as that charged in the second indictment: *Held*, that the plea of former conviction was sufficient in Law, because the record shows the second case to be the same transaction with the first: *Held* also, that the plea of *autre fois convict* is sufficient, where the prisoner might have been convicted on the first indictment, by the evidence necessary to support the second.

[2.] In all applications for a continuance, on account of not having subpœnaed witnesses, by reason of the recent finding of the bill, the party moving, must show by giving their names, that he has such witnesses ; and must state what he expects to prove by them, in order that the Court may judge of its materiality.

[3.] Where upon motion for continuance, on the ground of popular excitement against the prisoner, five months have elapsed from the time the offence was committed, and the Judge to whom application is made, refuses it, because in his opinion, this period is sufficiently long for such popular feeling, if it had been aroused, to have subsided : *Held*, that this is a matter which is necessarily very much in the discretion of the Court below, whose duty it is to look into all the circumstances ; and where there appears no evidence of the abuse of such discretion, this Court will not disturb the decision.

[4.] Where a jury after being sworn to try a prisoner, (the Judge having for a short time left the Court room,) by inadvertance separate, pass out of the Court-house through a group of by-standers, and the Court after returning and discovering their absence, by a careful examination, (in part of the jurors on oath) satisfies himself, that they have had no intercourse with any one, improper or injurious to the prisoner, and so announces : *Held*, after conviction, that the Court was right in not disturbing the verdict on this account.

[5.] Where there are two counts in an indictment, and the second is decided to be defective, the jury may properly return a verdict of "guilty on the first count." And this is a general—not a special verdict : *Held* also, that if the jury by mistake write the verdict "guilty on the first account," the Court may direct a correction of this false orthography, and cause the first syllable of the last word to be erased.

Roberts and Copenhaven *vs.* The State of Georgia.

Indictment for Robbery, in Monroe Superior Court. Tried before Judge STARKE, March Term, 1853.

The defendants, with others, were indicted for a robbery committed upon John Jackson of said County. At March Term, 1853, they filed a plea setting forth the record of a former indictment against them for burglary, upon which they had been tried and convicted, and which they averred to be the same felony, and none other, for which they were now indicted. To this plea, the Solicitor General in writing demurred, denying its sufficiency in Law, to operate the acquittal of the defendants. Upon consideration of such demurrer, the plea was overruled by the Court, and the defendants required to answer over. They then pleaded " not guilty," and moved to continue the cause, on the ground :

1st. That having been in close confinement since their arrest, by reason of the recent finding of the bill, they had not been able to subpœna witnesses, and prepare for trial.

2nd. That the popular feeling of the County was so excited against them, that they could not have an impartial trial.

The Court overruled this motion for reasons which will be found in the opinion of the Court delivered in this case. A jury was then impannelled and sworn. Before proceeding with the case, the presiding Judge was called out of the court-room for a short time, and left the jury in their box. While he was thus absent they left the box, and some of them the Court-house. On his return, the Judge discovered this, and immediately proceeded to investigate the matter in the manner which will be found stated in the opinion delivered by this Court. After such examination, for reasons which will be in the same place stated, he ordered the trial to proceed.

When the case was submitted to the jury, they were charged by the Court, that if they found the defendants guilty, it must be on the first count (there being two counts to the indictment) inasmuch as the second was defective. The jury returned a verdict of " guilty on the first account." The Court ordered

the syllable ‘ " ac " to be erased from the last word, the verdict then reading, " guilty on the first count." The defendants then, by their counsel, moved an arrest of judgment, on the grounds of the dispersion of the jury, and because the verdict was not a general verdict, according to the Statute in such cases made and provided, but was a special verdict; which said motion was overruled by the Court. Thereupon, the defendants excepted to the above proceedings, assigning error on the following grounds :

1st. The Court erred in overruling the plea of *autre fois convict.*

2nd. In refusing the motion for continuance.

3rd. In proceeding with the trial after the dispersion of the jury, without leave, and without the attendance of an officer, and after the circumstances which had occurred.

4th. In charging the jury that they could return any other verdict in that case than a general verdict of guilty or not guilty.

5th. In ordering or permitting the Solicitor to alter or erase any portion of the verdict, without sending it back to the jury.

6th. In not arresting the judgment on the grounds taken.

HAMMOND & LOCHRANE, for the plaintiff in error.

Sol. Gen. THRASHER, represented by GLENN, for defendant.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The first point for our consideration, is the alleged error of the Court below in overruling the plea of *autre fois convict.*

To the plea of former conviction, filed by the defendants, the Solicitor General demurred, insisting that it was not sufficient in Law, and that the defendants were bound by the Law of the State to answer the indictment. By thus demurring, the State's counsel whilst denying the legal sufficiency of the plea, and of the matters and things therein contained, to operate

the acquittal of the defendants, neccessarily admitted the facts stated. *Com. vs. Myers,* 1 *Virg. Ch.* 232. The main fact stated, and on which the plea rested, was that the defendants had been previously convicted on the charge of burglary, that judgment had been rendered on said conviction, and that the felony of which they had been so convicted, was one and the same with the felony of which they then stood accused. Of course, the Solicitor, by so demurring, and admitting that this charge of robbery was the same felony, as that of which the defendants had been convicted, intended only to admit that the two indictments related to the same transaction, and did not mean to admit that the charge was the same in each case. Taking this then, as true, it becomes our duty to make the following inquiry : When a prisoner has been indicted for having burglariously broken and entered the dwelling of another with intent to steal the goods and chattels of the owner ; and in order to manifest such intent on the trial, proof be adduced, that the prisoner did violently or by intimidation from the person of the owner, steal such goods and chattels ; and he be convicted, and afterwards an indictment for the robbery committed at the time be found against him, can he then be tried, if he plead *autre fois convict,* for such robbery as a separate offence ?

The case made by this record invokes an answer from us to this question. The record, it is true, does not show that upon the trial of these defendants for the burglary, that part of the evidence which was relied upon to show the felonious intent was the same with that which was offered upon the trial for robbery ; but this is in effect admitted by the demurrer, to the plea, as we have shown ; and thus the question presented, arises.

Of the sufficiency of the plea of *former acquittal or conviction,* the following is said to be a true test, viz : whenever the prisoner might have been convicted on the first indictment, by the evidence necessary to support the second ; or in other words, where the evidence necessary to support the second indictment would have sustained the first. *Arch. C. P.* 106. *Rex.*

*vs Clark*, 1 *B. and B.* 473. *People vs. Barrett*, 1 *John* 56. *Comm. vs. Cunningham*, 13 *Mass.* 245. 9 *Yerg.* 357. 17 *Wend.* 386. *State vs. Risher*, 1 *Rich. R.* 222. *Duckworth vs. The People*, 4. *Scamm.* 172. 17 *Pick.* 400. 2 *Hawks* 98.

This may be said to be the case in all compound felonies. 1 *Ross on C.* 89. Note.

There seems to be some difficulty in applying this rule (as above expressed) in all cases. It may be said, that the prisoner could not have been convicted on the indictment for burglary, by the proof necessary to convict on the indictment for robbery; and the evidence necessary to support the indictment for robbery, would not have ensured a conviction, on the prosecution for burglary. If the indictment for robbery, however, had been first tried, then upon the trial of the burglary, the proof necessary to support that last trial would have been such as would have been sufficient to sustain the first prosecution; because after proof of the breaking and entering by the prisoner, the State would have proceeded to prove the violent stealing from the prosecutor, in order to show the breaking, &c., with felonious intent; and this would have been proof of the robbery.

To avoid any confusion on this subject, we adopt the rule as as it is otherwise more generally, and perhaps more accurately expressed, viz: that the plea of *autre fois acquit or convict* is sufficient, whenever the proof shows *the second case to be the same transaction with the first.* 7 *Humph.* 508. *Thach.* 206, 207. That rule is decisive of this case.

We regret that we are constrained to hold that it is so; for we have learned from this record, as well as from the statements of the counsel on both sides in the argument, that we have before us two great criminals—offenders who from the crowns of their heads to the soles of their feet, are steeped in the very dregs of crime. We are sorry to loosen the hold, which the strong arm of the Law has upon these bad men. But they live in a land of laws—they are tried by a Court which regards as almost holy, that maxim of our fathers, that

"every man is to be presumed innocent, until proved to be guilty" according to Law; a Court which holds, that it is best to maintain the "rule prescribed," as a sure and steadfast sign to the citizen of right and wrong; even though in doing so in a particular case, we suffer the most iniquitous of offenders to escape.

The rule above stated, by me, is that which is prescribed for this case, and it must be the law for these defendants.

This record shows, that the transaction referred to in the indictment for burglary, is the same with that in the prosecution for robbery, inasmuch as the pleader, in order to show the felonious intent, has made it necessary in the former to prove the circumstances of the stealing, and thus to involve the same transaction (the robbery) in both cases. If the pleader had alleged the breaking with felonious intent (which constitutes burglary,) and had been able to prove otherwise, than by proof of the robbery, that the felonious intent was manifested, then the two might not have constituted the same transaction. But this was settled by the demurrer; and the State's counsel having elected to make his proof of felonious intent in this way, has put his case within the application of the rule.

In passing sentence upon these defendants; after the conviction in the case of burglary, the Court no doubt graduated the penalty according to the circumstances of the transaction, thus taking into consideration the proof of the robbery; for it is to be presumed that a breaking and entering of a dwelling house, accompanied by an actual robbery, would have been more severely punished than a breaking and entering with an intent to rob which was not consummated. If this be so, and the defendants have been held to some degree of punishment in consideration of the robbery, to try them again for it, would be, as it were, to place them in jeopardy a second time on account of the same offence; thus in some sort, violating the fundamental principle on which the plea of *autre fois acquit and convict* rests. Hence, again, the propriety of the rule which we recognize and apply.

On this ground, we reverse the judgment of the Court.

Roberts and Copenhaven *vs.* The State of Georgia.

[2.] After the plea of former conviction was overruled, a motion was made by the defendants for a continuance.

The statement of the Judge, preceding his certificate to the Bill of Exceptions in this case, gives his reasons for refusing this continuance.

We take occasion here to remark, as this statement of the Judge was commented on in the argument, as something extra-judicial, that we do not so regard it; but on the contrary, deem it a good and proper practice, and one to be commended. It comes to us properly, as a part of the record, and by it we learn that the Court refused the motion on the first ground for two reasons : 1st. Because it did not appear by the affidavit that they had any witnesses, and no names of witnesses were given. 2nd. They had five months in which to have made preparations, and not having done so, they were guilty of *laches.*

We think the Court was certainly right in the first reason given. It is a well established rule in all applications for continuance on this ground, that the party moving shall show that he has certain witnesses, giving their names, and shall state what he expects to prove by them, in order that the Court may determine whether or not the testimony would be material.

As this was not done, the Court rightly refused the motion on this ground.

[3.] The Judge's certificate also assigns as a reason why he refused the motion on the other ground taken, that five months had elapsed from the time the offence was alleged to have been committed, that this was in his opinion sufficient time for the subsidence of any popular excitement arising out of the circumstances of the case, and this he thought should take this case out of the rule laid down by this Court in Howell's and Bishop's cases.

Judge *Starke* was in a situation best to determine this. He has exercised his discretion in doing so, and we see no reason to doubt that he has done so wisely.

[4.] Error is also alleged in that the Court directed the cause to proceed, though the jury had dispersed after being sworn.

By the record, it appears that the jury, after they were sworn, the Judge himself having retired for a brief space, left the box without leave of the Court, and most of them went out of the Court-room for a few moments. On their return, the Judge investigated the matter. The jury were examined upon their oaths, and by such examination, the Court ascertained that one had gone only to the door, and had conversed with no one, and no one had spoken to him on any subject. The others had been absent from necessity, and were not aware that leave should have been formally obtained. He also ascertained, that the deputy Sheriff had been out with those who went and returned by one of the doors of the Court house, and had not conversed with them; that with two exceptions they had conversed with no one on any subject, nor had they been spoken to by any one, on any subject. Of the two exceptions, one stated that he had some conversation with his fellows about the case, but did not state the conversation; the other stated that he had met with one of his fellow citizens who asked him if his family were well, and if he were on the jury, and that this was all the conversation he had with any one.

From this examination, the Court below was satisfied, that the presumption, that the separation of the jury was hurtful to the prisoner should be removed, and that he could be fairly and properly tried by them.

The investigation seems to have been carefully made by the Court, who thus assumed the *onus*, (which in the case of *Monroe vs. The State*, 5 *Geo. R.* 85, this Court holds as resting on the State in all cases of such separation by the jury,) of showing "beyond a reasonable doubt, that the defendant has sustained no injury on account of the separation;" and from the investigation it appears, that the dispersion was accidental, and from inadvertence ; that the jury had no conversation or intercourse during their dispersion with any one which might prejudice the rights of the prisoners, and were therefore, as jurors *probi et legales homines.*

It was insisted in the argument, that the mere fact of the jury having separated, and having gone out of the Court-room,

and by mixing with or passing through the crowd assembled; having placed themselves in a situation where they might have heard some remarks injurious to the prisoners, should be deemed sufficient to disqualify them.

We fear that this rule would be practically very embarrassing, and as we think that it is not necessary to the pure administration of justice, we cannot sanction it.

We know that there are adjudicated cases, which seem to support it. But we think that a different rule, and that which we approve is in other cases supported with more of reason and learning. Such are several cases decided in New York, and which will be found at 2 *Cow.* 589, 4 *Cow.* 26, 5 *Cow.* 284, 7 *Wend.* 423. In the last of these cases, the Court by Mr. J. *Sutherland,* said: " The conclusion from all cases decided in this State is, that any mere informality or mistake of an officer in drawing a jury, *or any irregularity or misconduct in the jury themselves, will not be a sufficient ground for setting aside the verdict, either in a criminal or civil case, where the Court are satisfied, that the party complaining has not and could not have sustained any injury.*

This we adopt as the best rule, when to it is subjoined the requisition above stated in *Monroe's case,* viz: that the burthen of satisfying the Court that the prisoner has sustained no injury from the separation, is on the State and not on the prisoner.

In this case, the Court below assumed this burthen for himself, as we have said, and his conclusion is perhaps on this account the more satisfactory.

We ought not to pass from this ground, perhaps, without noticing more particularly one case which was strongly relied on by the counsel for the prisoner, as being strikingly in point, and as sustaining their position. This was the case of *Overbee vs. The Commonwealth,* 1 *Rob. R.* 756. Here a juror is stated to have passed out of the Court house without knowledge of the Court through a crowd of persons, and returned in a few minutes. Afterwards being examined upon oath, he deposed that he had not held communication with any person whatever. In review-

Roberts and Copenhaven *vs.* The State of Georgia.

ing this case, the Court says, without giving any reason for the opinion: " It seems to the Court that the separation of the jury was sufficient cause for setting aside the verdict."

It may have been, that there were circumstances known to the Court, which do not appear to us authorizing the conclusion, that notwithstanding the sworn statements of the juror, there was something suspicious in his conduct, and therefore, they may have thought it was better that the jury should be re-organized. It does not, at all events, appear that the Court below was satisfied by an examination into all the circumstances, that nothing hurtful to the prisoner had occurred by reason of such separation.

If, however, that Court intended to hold that the mere separation as stated, was sufficient to disqualify the jury, because that the juror might have heard remarks prejudicial to the prisoner, even though the Judge, by his examination, had satisfied himself that nothing injurious to that prisoner had transpired, then we differ from that Court, and differently decide; putting our decision distinctly on the ground, that when such separation of a jury occurs, if the Court assumes the burthen of fairly and properly inquiring into the circumstances (in part by an examination of the jurors upon oath) and is satisfied, that nothing has occurred which may be injurious to the prisoner, the verdict should not be disturbed.

[5.] It was urged also, that the Court committed error in charging the jury, that they might find a general verdict of guilty or not guilty upon the first count, as well as in receiving such verdict. And also, that the Court erred in causing or permitting the erasure of certain letters from the verdict.

This charge of the Court was right, we think, and not at all conflicting with any provision of our penal code. It was not a special verdict which was rendered, but a general verdict of guilty on the only count in the indictment upon which the prisoners could be tried and convicted.

The erasure complained of was simply a correction, under the direction of the Court, of the orthography of the word count, and was properly made.