No. 32.—GIDEON COPENHAVEN, plaintiff in error, *vs.* THE STATE, defendant in error.

[I.] A conviction upon an indictment for burglary, is a good plea, in bar, on a trial for robbery, if the circumstances of the robbery were put in proof, in order to make out the case for which the prisoner was tried and convicted on the first indictment; because in such case, the robbery constituted a *part of the same transaction* for which the prisoner was first tried. But if a new trial be afterwards granted, in the case for burglary, such acquittal on the charge of robbery cannot operate in bar of another trial on an indictment for burglary, *as the circumstances of the burglary were not involved in the charge of robbery.*

Indictment for burglary, in Monroe Superior Court. Tried before Judge STARKE, September Term, 1853.

At the March Term, 1853, of Monroe Superior Court, bills of indictment for burglary and robbery, were found against Gideon Copenhaven and others. Copenhaven, who severed, was placed on trial on the bill for burglary, first. He moved the Court for a continuance, on the ground of absent witnesses; the Court over-ruled the motion, and he was found guilty by the Jury. From this decision of the Court, a writ of error was taken to the Supreme Court, at Decatur, August Term, 1853. The Supreme Court reversed the judgment of the Court below, and ordered a new trial.

To the bill for robbery, Copenhaven filed the plea of " *autre fois convict* ", alleging that the two crimes for which

Copenhaven *vs.* The State.

he was indicted, sprung out of the same transaction, and were, therefore, one and the same.

On the trial, the Court over-ruled the plea and he was convicted. To this decision of the Court, a writ of error was taken to the Supreme Court at Decatur, at August Term, 1853. The Supreme Court reversed the judgment of the Court below, and sustained the plea of " *autre fois convict* ".

At the September Term, 1853, Copenhaven was again put on trial on the bill for burglary, when his counsel asked leave of the Court to withdraw the plea of not guilty, which was granted. Whereupon counsel for defendant filed the plea of " *autre fois acquit* ", alleging that he had been acquitted on the bill for robbery, by the judgment of the Supreme Court, &c. To this plea, the Solicitor General demurred. The Court sustained the demurrer and dismissed the plea, and counsel for defendant excepted.

HAMMOND and LOCHRANE, for plaintiff in error.

Sol. Gen. THRASHER, represented by GLENN, for the State.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] At August Term, 1853, of this Court, held at Decatur, it was decided that the offence of robbery, with which this prisoner was charged, and for which he was tried at March Term, 1853, of Monroe Superior Court, constituted *a part* of the same transaction for which the prisoner had been tried, and of which he had been convicted, upon a charge of burglary, at the same Court. We held that the prosecuting officer for the State, in charging the felonious intent which, together with the breaking and entering the dwelling-house of another, is a necessary ingredient in the crime of burglary, had so framed his indictment in the case of burglary, as to involve the proof of the robbery, in the evidence required to make out the crime of burglary. In other words, that he had charged the prisoner with having burglariously broken and entered the dwell-

VOL. XV. 34

ing-house of John Jackson, "with intent, then and there, silver, coins, &c. of the money of the said John Jackson, in the dwelling-house aforesaid, then and there being, then and there *feloniously, wrongfully, fraudulently, by open force and violence,* and burglariously in the night aforesaid, *to steal, take, and carry away from the person of said John Jackson*".— And that the record showed, that to make proof of the felonious intent, so charged, evidence had been submitted which proved the robbery in question, to have been committed.

We hold, therefore, that upon the trial for this burglary, the circumstances of the robbery had been proven against the prisoner, as a part of the same transaction; and that it was proper to infer that after they had been so proven, and he had been convicted, the Court had taken these circumstances into consideration as characterizing the burglary, and had graduated the penalty with reference to this double crime.

Our decision accordingly was, that the offence of robbery in question, might be said to have constituted *a part* of the same transaction with the crime of burglary, of which the prisoner had been convicted; and that having had his punishment fixed with reference to it, he might, in some sense, be said to have been already *in jeopardy* on account of the charge of robbery, and that in this point of view, his plea of *autre fois convict* should have been sustained. We were supported in this decision, by the plain reason of the case; by elementary principles, and by adjudicated cases; for which, see the case: *Roberts and Copenhaven vs. The State,* (14 *Ga. R.* 8.)

We did not suppose, however, that it would have entered into any one's imagination to conceive, that we had decided, that because, as the case was presented, the robbery constituted *a part* of the burglary, necessarily, the burglary also formed *a part* of the robbery. This is now, in effect, insisted on before us; and it is argued, that being acquitted of the robbery, by effect of the former judgment of this Court, the prisoner has been acquitted of the burglary.

We suppose this position has had its origin in a misapprehension of the principles upon which the Court put the decis-

on, on which I have remarked. From whatsoever source it arises, it is wrong, as must be sufficiently obvious, without further comment, from the distinct statement we have made of the grounds on which the other judgment was placed.

Let the judgment be affirmed.