## INGRAM v. THE STATE.

The judge of a city court to which an indictment charging the accused with a misdemeanor has, by the superior court, been transferred for trial, has no right, without the consent of the defendant, after the case has been submitted to the jury and the evidence for the State introduced, to suspend the trial, withdraw the case from the jury, and require the accused to give bond for his appearance at the next term of the superior court of the county, or, in default thereof, to be committed to jail, to answer to the charge of a felony; and if he does so, the accused, having been placed in jeopardy, is entitled to an order for his final discharge, as upon a verdict of acquittal, upon a motion duly made therefor in such city court.

Submitted November 21,—Decided December 21, 1905.

Indictment for adultery and fornication. Before Judge Little. City court of Sparta. October 18, 1905.

*R. H. Lewis,* for plaintiff in error.

*R. W. Moore, solicitor,* contra.

FISH, C. J. At the September term, 1904, of Hancock superior court, the grand jury returned an indictment against Jonas Ingram, charging him with having committed the offense of adultery and fornication with one Carry Barnes, he being a married man and she an unmarried woman. The indictment was transferred to the city court of Sparta, in which court the case came on to be tried, at the October term, 1905, thereof. After the jury had been empaneled and sworn and the State had introduced its evidence and closed, the court, being of opinion "that the evidence developed that a felony and not a misdemeanor had been committed" by the accused, over the objection of the defendant, ordered that the trial be suspended and the case be withdrawn from the consideration of the jury, and that the accused be required to give bond, in a designated sum, for his appearance at the next term of the superior court of the county, in default of which he be committed to jail, to answer to the charge of rape. After this, the accused made a motion for his discharge, upon the ground that he had been placed in jeopardy, which motion was overruled by the court; whereupon he excepted.

Where the indictment or accusation is not fatally defective, the law recognizes two reasons only as justifying the discharge of the jury before they have agreed upon a verdict and legally returned it into court, viz., the prisoner's consent, and necessity in some of its

various forms, one of which is mistrial. *Lancton* v. *State*, 14 *Ga.* 426. And where a criminal case has been submitted to a jury upon a valid indictment, and is withdrawn from their consideration by the judge for any reason other than the two above named, it is equivalent to an acquittal of the accused. *Reynolds* v. *State*, 3 *Ga.* 53. The present case should, therefore, be considered as if the jury, upon the trial in the city court, had acquitted the defendant and he .should subsequently have been indicted for rape and placed upon trial in the superior court and a plea of former acquittal filed. . There is some confusion in the decisions of this court in reference to the test for determining the question of former jeopardy. See *Gully* v. *State*, 116 *Ga.* 527, wherein the cases are collected and commented on. In the early case of *Roberts* v. *State*, 14 *Ga.* 8, the court said: "To avoid any confusion on this subject, we adopt the rule as it is otherwise more generally, and perhaps more accurately expressed, viz., that the plea of *autre fois acquit or convict* is sufficient, whenever the proof shows *the second case to be the same transaction with the first.*" As was said in *Gully's* case, supra, this is the rule adopted and generally followed in this State, and was applied in the following cases: *Holt* v. *State*, 38 *Ga.* 187; *Jones* v. *State*, 55 *Ga.* 625; *Buhler* v. *State*, 64 *Ga.* 504; *Goode* v. *State*, 70 *Ga.* 752; *Knight* v. *State*, 73 *Ga.* 804; *Knox* v. *State*, 89 *Ga.* 259. In *Holt's* case, supra, he and six others were indicted for the offense of assault with intent to murder, the indictment charging them with shooting at a named person, at a stated time and place, with intent to murder her. Upon failure of trial under demand, the accused were discharged at a subsequent term. After this Holt and five of the others were indicted for riot, this last indictment charging them with having, at the same time and place, feloniously and maliciously shot a loaded pistol at the same person named in the former indictment, and with striking and beating her. Holt filed a plea of former acquittal, which was stricken on demurrer. This court held that the striking of the plea was error. In delivering the opinion of the court, Warner, J., used this language: "If the State thinks proper, by its prosecuting officer, to indict a party for an assault with intent to murder, upon a given state of facts, and upon the trial thereof the defendant is *acquitted,* can the State then prefer another indictment, alleging precisely the same state of facts (with the exception of the malicious intent) and put

the party again upon his trial for the *same criminal acts,* by altering the *name of the offense?* The State having made its election as to the nature and character of the offense for which it will prosecute the party upon a given state of facts, if, upon the trial, the defendant is *acquitted,* ought not the State to be bound by its *election,* and not be permitted again to indict and prosecute the defendant for the *same criminal acts,* under the name of another offense? The question to be answered is, has the defendant been arraigned and put upon his trial upon a sufficient legal accusation, for the *same criminal acts* with which he is charged the *second time?* If he has, then he has been put in jeopardy, within the true intent and meaning of the constitution, and can not be tried the second time for the same criminal acts, under the same, or a different named offense. To hold otherwise would be to hold that the provision of the constitution which declares, 'nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb,' for all *practical* purposes, to be a mere *shadow,* and *delusion.* These views are in accordance with the ruling of this court in *Roberts* and *Copenhaven* vs. *State,* 14th *Ga. Rep.,* 8." Applying the same-transaction test, the accused in the present case has been arraigned and put upon trial in the city court, upon a good indictment, for the same criminal act for which he was bound over to answer in the superior court, and the judge of the city court erred in not granting the motion for his discharge. Section twenty-seven of the act establishing the city court of Sparta (Acts 1905, p. 353) provides: "If upon the trial of any case it shall appear to the judge that the evidence makes the case a felony against the accused, he shall thereupon suspend the trial and commit or bail over the defendant to the next superior court as in preliminary examination." While this language is sufficiently broad to cover a case being tried under an indictment, as well as one being tried under an accusation, we think it clear that, if construed to apply to such a case, this provision of the act would be violative of the provision of the constitution declaring that no person shall be put in jeopardy of life or liberty more than once for the same offense, save on his or her motion for a new trial after conviction, or in case of a mistrial. Counsel for the State cite *Cunningham* v. *State,* 80 *Ga.* 4, but the ruling there made has no application here. There the accused was brought before a county court and an accusation pre-

ferred against him, charging a misdemeanor. Thereupon he waived indictment by the grand jury and demanded a jury trial in the county court; and it was held that "this amounted to an agreement to be tried under the provisions of the act regulating trials in [that] court, including the right of the judge of that court, if at any time during the progress of the trial he should be of the opinion that the evidence produced before him made the offense of a felony instead of a misdemeanor, to stop the trial at once and commit the defendant to jail, or require him to give bond for his appearance at the next term of the superior court." But in the case before us the accused did not waive indictment by the grand jury and consent to be tried in the city court. He was already indicted and was before the city court for trial under the indictment. His trial in the city court was not a matter of choice with him, but of compulsion. His consent to be tried there was neither given nor invoked. The shield of the constitutional provision in question was over him, and could not be removed without his consent. Besides, the time for a preliminary investigation had passed, for the grand jury had already investigated the case and returned an indictment, and the judge of the city court had no more power to resolve the trial into a preliminary one than the judge of the superior court would have had, if the case had been on trial, under the indictment, in that court. In State v. Blevins, 134 Ala. 213, 92 Am. St. R. 22, the accused was placed on trial in the inferior criminal court of Mobile, under an affidavit and warrant charging him with the offense of assault and battery, and after the evidence was all in and the argument concluded, the judge, being of opinion from the evidence that the offense of assault with intent to ravish had been committed by the accused, ordered that unless he should enter into a recognizance to appear before a higher named court to answer the latter charge, he should be committed to jail until legally discharged. The accused sued out a writ of habeas corpus and was discharged, and the State excepted. The Supreme Court of Alabama held: "If the trial of the accused for a misdemeanor, upon issue joined on plea of not guilty, proceeds to the conclusion of the evidence and reaches the stage of calling for a judgment of the court on the issue as made, he is placed in jeopardy, and the court has no jurisdiction to bind him over to a higher tribunal to answer for a greater offense for the same act."

It follows that the judge of the city court erred in refusing to sustain the motion for the discharge of the accused.

*Judgment reversed.   All the Justices concur.*