4405.　BLACK *v.* THE STATE.

1. "An indictment for perjury should specifically allege and the proof should show how and wherein the testimony upon which the perjury is assigned was material to the issue in the trial in which the alleged false testimony was delivered." *Askew* v. *State*, 3 *Ga. App.* 79 (59 S. E. 311).

2. "In a prosecution for perjury it is permissible to join in a single count a number of separate and distinct material statements alleged to have been falsely sworn to by the defendant in the same legal investigation" (*McLaren* v. *State*, 4 *Ga. App.* 643, 62 S. E. 138); and if perjury is established as to any one of the material statements, a conviction will be upheld.

3. "The question whether or not a particular statement is material depends upon the nature of the proceedings and the matters at issue and can be determined in each case for that case only." A test of materiality is whether the alleged false statement could have influenced the decision as to the question at issue in the judicial proceeding in which the perjury is alleged to have been committed. If the statement influenced the decision of the tribunal to which it was made, it was material to the investigation.

4. Perjury consists of wilfully, knowingly, absolutely, and falsely testifying, in a matter material to the issue under investigation, in a judicial proceeding; and the design of the statute is to punish the false witness and prevent this detestable offense, which is subversive of justice; but the punishment is directed against the moral obloquy of the witness as a whole; and consequently, though more than one false statement be wilfully made by the witness on the same trial, he does not thereby become guilty of more than one offense of perjury.　The gist of the

offense of perjury is the disregard and corrupt violation of the oath which the witness has taken, and the offense is·complete if there be one false statement wilfully, knowingly, and absolutely made with intent to obscure or conceal the truth. The fact that the witness has made other knowingly false statements, under the same oath, does not create new offenses; for the sanctity of the oath has already been violated by him; though the concurrence of other similarly false statements may supply ground for the imposition of a heavier penalty than would otherwise have been imposed. It is proper, too, where a witness has wilfully, knowingly, absolutely, and falsely testified as to more than one matter material to the issue, to allege each of the false statements, because proof that the alleged perjurer has, in the same judicial investigation, made other false statements may tend to illustrate the motive with which each statement was made.

DECIDED AUGUST 30, 1913.

Indictment for perjury; from Whitfield superior court—Judge Fite. July 29, 1913.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*T. C. Milner, solicitor-general, George W. Stevens,* contra.

RUSSELL, J. The defendant was indicted for the offense of perjury. He filed a plea of former jeopardy, attaching thereto a copy of another indictment for perjury against him and a copy of the record of his acquittal upon that charge. The plea of autrefois acquit and the issue formed upon the defendant's plea of not guilty in the present case were, by consent of counsel, tried together, and the jury found against the plea in bar and returned a verdict of guilty. The defendant moved for a new trial, and excepts to the judgment overruling the motion.

The question is presented whether one who has taken a lawful oath as a witness in a judicial investigation, and who, as such witness, knowingly and wilfully makes more than one absolutely false statement as to more than one matter material to the issue, can more than once commit the offense of perjury in the same investigation and under the sanctity of the same oath. We are of the opinion that the identity of the proceeding and of the oath administered the witness excludes the possibility that the witness is guilty of more than one perjury in the particular investigation. There is but one violation of the oath. The offense of perjury is most detestable. The perjurer should be most severely punished; for the administration of justice depends upon the truth, and perjury would undermine and destroy the administration of justice; and yet to our mind the matter is not unlike a case of murder, in

which the murderer poisoned, stabbed, and shot the deceased, and thereafter, before life had become completely extinct, cast the victim into the sea, where, in his helpless condition, he must necessarily have been drowned. Though evidence might show that any one of the instrumentalities which the murderer set in motion would, in a very short time, have produced the desired result of killing the person assaulted, yet there could not be more than one case of murder. Evidence might show that the deceased would have died from poison if he had not been shot, and that he would have died from the shot if he had neither been poisoned nor stabbed, and that he would have bled to death from the stabbing if he had neither been shot nor poisoned, and that he would certainly have died from one or all three attacks made upon him if he had not been cast into the sea, yet it could not be held that there were four cases of murder growing out of the death of the deceased. And so we apprehend the rule to be in regard to perjury. The witness binds himself by the sanctity of his oath and calls upon God to witness that in the particular legal investigation in which he is sworn he will tell only the truth. If, as to any matter material to the issue, he wilfully, knowingly, absolutely, and falsely violates this oath, intentionally testifying that which he knows to be untrue, he is guilty of perjury, but the repetition of other falsehoods under the same oath and in the same investigation can not make new and additional cases of perjury, for his oath has already been violated, its sanctity has been destroyed, and the vital force of his self-assumed obligation has been extinguished. The oath remains; the judicial proceeding is still continuing, but the sanctity of his obligation has been destroyed by the first wilful falsehood, and it can not be restored by any act within his power on the one hand, nor is an additional offense committed by a repetition of any number of false statements upon his part on the other. The offense of perjury is complete when, in a judicial proceeding, a witness (after the administration of the oath and his voluntary subjection to its binding authority) has wilfully, knowingly, absolutely, and falsely testified as to one material matter. Subsequent falsehoods under the same oath do not make new perjuries, but only exhibit additional ways in which the perjury was committed; and therefore, as was held in the *McLaren* case, 4 *Ga. App.* 643 (62 S. E. 138), a number of separate and distinct material statements, alleged

to have been falsely sworn to, may be joined in the same count. If the defendant is guilty as to any one of them, he is guilty of perjury, and if the evidence shows he is guilty of more than one false statement, either may illustrate the defendant's knowledge that he was swearing falsely, and illustrate as well the fact that the false statement was intentionally and wilfully made.

The question, then, is presented as to whether the alleged false statement in the indictment on which the defendant had previously been tried, was material. If it was, the acquittal of the accused upon that indictment would bar any further prosecution for perjury alleged to have been committed in the particular judicial investigation. If the statements alleged to have been knowingly, wilfully, and falsely made in the indictment upon which the accused had been tried were not material to the issue, then the plea in bar would be worthless. In the former case in which the defendant in this case was tried it was alleged in the indictment that he wilfully, knowingly, absolutely, and falsely swore that he was a single man, when in truth and in fact he was not a single man, but was a married man; and an investigation of the testimony in the record shows that while this testimony was apparently irrelevant and immaterial, it was, in the case in which the defendant was testifying, a material matter, because it was the statement of a fact which, if true, would perhaps have influenced the jury in the case then pending and in which the defendant was a witness. The trial judge, by proceeding with the trial upon the former indictment upon which the defendant was acquitted, adjudged Black's statement as to his marital status to be material; and certainly the State, by insisting upon the conviction of the defendant for falsely stating that he was a single man when in truth he was married, is estopped to deny that his testimony as to this point was material. We do not comprehend the real materiality of that portion of Black's testimony which was the basis of the indictment against him for perjury which was first tried, but the State invoked the ruling that this testimony was material, and, by overruling the general demurrer raising that question, the trial court adjudged it to be material.

The case in which Black was a witness was that of Mrs. Maynard against the Western & Atlantic Railroad Company, an action for damage alleged to have been caused by the railroad company's

negligence in setting out fire by sparks, which burned her two-story frame storehouse. The material question in that case was the extent of Black's knowledge as to the origin of the fire. He testified in that trial that he was at the store about ten minutes before the fire, and that the fire caught near the stove flue. If the defendant had testified truthfully that he was a married man, the jury might have doubted his statement that he was at Mrs. Maynard's house presumably at a late hour of the night on which the fire occurred. He swore he was a single man, which might naturally cause the jury to give credence to the statement that he was visiting there at a late hour at night and that he saw the fire start,—that it started from the stove flue, and not from sparks thrown out from the railroad company's train. And while it is not at first apparent that his false statement that he was a single man would or could be material, an investigation of the record as a whole shows that it was probably material; because if the jury believed it to be true, it tended to supply a reason for his absence from home and his presence at Mrs. Maynard's storehouse at the time of the fire, and thus corroborated other testimony tending to show that the railroad company was not liable in the proceeding then pending.

It is true that under the ruling in the *Askew* case, 3 *Ga. App.* 79 (59 S. E. 311), the indictment under which the accused was previously tried may have been subject to demurrer, in that it did not allege how or why the alleged false testimony was material in the trial of the case of Mrs. Maynard against the Western & Atlantic Railroad Company; but since that point is not involved, it merely becomes a question whether the testimony as to Black's marriage was material. If it was material, as the trial court held it to be, then his acquittal upon the charge of perjury, as to any matter he may have testified to in the trial of the case of Mrs. Maynard against the Western & Atlantic Railroad Company, is a bar to trial for any other false statement made by him under the same oath and in the course of the same judicial investigation.

The test which has been applied in this State in determining whether a former prosecution is a bar to another is the solution of the question whether the two accusations refer to the same transaction, or, in other words, whether, under the two different charges, it is sought to punish the accused more than once for the same

criminal act. If the two offenses are the same transaction, an acquittal or conviction in one is a bar to any further prosecution. *Ingraham* v. *State,* 124 *Ga.* 449 (52 S. E. 759), and citations; *Gully* v. *State,* 116 *Ga.* 527 (42 S. E. 790); *Burch* v. *State, 4 Ga. App.* 384 (61 S. E. 503); *Whitaker* v. *State, 9 Ga. App.* 213 (70 S. E. 990). The defendant having been acquitted of perjury in swearing falsely in the case of Mrs. Maynard against the Western & Atlantic Railroad Company, he can not again be tried for perjury alleged to have been committed in the same case and under the same oath alleged in the former indictment. *Burch* v. *State,* supra; People *v.* Stevens, 79 Cal. 428 (21 Pac. 856, 4 L. R. A. 845); Triplett *v.* Commonwealth, 84 Ky. 193 (1 S. W. 84); U. S. *v.* Lee, 4 Cranch, 446 (Fed. Cas. 15586); Jackson *v.* State, 14 Ind. 327; State *v.* Egglesht, 41 Iowa, 574 (20 Am. R. 612).

In the first indictment for perjury the State was required to prove that Black was lawfully sworn; that he consciously assumed the obligation of the oath with an understanding of its purpose and obligation; that after being so sworn he wilfully and knowingly testified absolutely falsely as to a matter which was of sufficient materiality to influence the finding of the jury in the case then pending. If the State failed to prove any of these essentials of the crime of perjury, and an acquittal resulted, the defendant is none the less protected by his plea of former jeopardy; for the plea of former adjudication extends not only to what was proved on the former trial, but also to everything that could properly have been proved.

For another reason it would seem that the plea of former jeopardy would be good (if we are right in holding that there can only be one indictment predicated upon false testimony under the same oath), viz., because the verdict acquitting Black would be conclusive upon the State and constitute an estoppel by judgment upon the point that Black was not sworn as a witness in the case of Mrs. Maynard against the Western & Atlantic Railroad Company. An inspection of the record in the former trial of Black for perjury shows that the defendant at that time admitted that he had testified as stated in the bill of indictment. The court charged the jury that the facts testified to by him were material to the issue in the case of Mrs. Maynard against the Western & Atlantic Railroad Company; and thus the only defense left open to Black was

whether or not a lawful oath was administered. On this issue the jury found against the State, and the finding of the jury in that case is conclusive in this.

We think, therefore, that the trial judge erred in refusing to grant a new trial.                    *Judgment reversed.*