PEOPLE *v.* MICCICHI.

1. CRIMINAL LAW—FORMER JEOPARDY—ROBBERY AND MURDER—STATUTES.

Under statute defining murder committed in perpetration or attempt to perpetrate robbery as first-degree murder, robbery and murder are held to be single criminal act, and therefore acquittal of either robbery or murder is bar to conviction of other (3 Comp. Laws 1929, § 16708).

2. SAME—EFFECT OF ACQUITTAL WHERE ROBBERY AND MURDER NOT DIRECTED AGAINST SAME PERSON.

Where customer of store was killed during its robbery, and in connection therewith defendant was charged with first-degree murder as of common law, and no reference was made in information to statute (3 Comp. Laws 1929, § 16708) or robbery, his acquittal of murder is not bar to his prosecution for robbery armed growing out of same transaction, since said robbery and murder were not directed against same person and were not product of single act.

Appeal from Recorder's Court of Detroit; Stein (Christopher E.), J. Submitted August 1, 1933. (Calendar No. 37,340.) Decided October 2, 1933. Rehearing denied December 6, 1933.

Leo Miccichi was charged with robbery armed. He appeals from order denying motion to quash. Affirmed.

*George K. Williams,* for appellant.

*Patrick H. O'Brien,* Attorney General, *Harry S. Toy,* Prosecuting Attorney, and *Verne C. Amberson* and *Edmund E. Shepherd,* Assistants Prosecuting Attorney, for the people.

McDONALD, C. J. During the robbery of a jewelry store in the city of Detroit owned and operated by Harry Leighton, one Mike Vunjak, a customer, was shot and killed. Defendant Leo Miccichi was arrested and charged with the murder. The information under which he was tried charged that he "feloniously, wilfully, and of his malice aforethought, did kill and murder one Mike Vunjak." He was acquitted, but rearrested charged with robbery while armed growing out of the same transaction. Upon arraignment, he entered a plea of *autrefois acquit* and moved to quash the information on a plea of former jeopardy. The trial court denied the motion, and defendant has appealed.

"The legislature has made the crime of robbery a constituent element of murder in the first degree, where death ensues from the perpetration or attempt to perpetrate the robbery. Evidently, the legislature had in mind that robbery from the person is accompanied by violence, oftentimes by the use of deadly weapons, by wounding and maiming the victim, as well as by putting him in bodily fear.

In order to protect human life and property, the lawmaking power declared robbery to be murder in the first degree where the death of a victim ensued in the perpetration of the robbery, irrespective of the fact whether the violence used was great or small. * * * The guilt of murder in the first degree attaches to the act of robbery under the statute." *State* v. *Mowser*, 92 N. J. Law, 474 (106 Atl. 416, 4 A. L. R. 695, 700).

Robbery is an essential ingredient of that class of first-degree murder defined in our statute, 3 Comp. Laws 1929, § 16708. The robbery and murder are held to be a single criminal act. Therefore an acquittal of either robbery or murder is a bar to the conviction for the other. So if Harry Leighton, the victim of the robbery, had been killed, and the defendant had been acquitted of his murder, such acquittal would have been a bar to his prosecution for robbery. But in perpetrating the robbery in question, the person killed was a customer who entered the store during the progress of the robbery. Whether he was shot during the robbery the evidence does not show. For aught that appears in the record, he may have been killed designedly after the robbery for the purpose of eliminating him as a witness. In other words, there is no showing that the robbery and murder, which were not directed against the same person, were the product of a single criminal act. While the facts of the killing are not shown, it is significant that the information charging the murder of which defendant was acquitted was not laid under the statute which makes killing during the perpetration of a robbery murder in the first degree. It charged first-degree murder as of the common law. It charged that defendant "feloniously, wilfully, and of his malice aforethought did kill and murder one Mike Vunjak." It made no

reference to the statute and no mention of robbery. The murder was in some way connected with the robbery, but whether it was the same transaction or a separate and distinct criminal act does not appear. For these reasons the plea of *autrefois acquit* is not sufficient, and should be denied.

The judgment is affirmed.

POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred with McDONALD, C. J. NORTH, J., concurred in result. CLARK, J., took no part in this decision.