HARRIS *v.* THE STATE.

No. 13771.   NOVEMBER 11, 1941.

114

*Pierce Brothers,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, J. Cecil Davis, solicitor-general, C. E. Sutton, E. J. Clower* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

JENKINS, Justice. Something might properly be said in elaboration of the rulings in the 1st headnote. This court has several times observed that confusion exists in its decisions with reference to the test for determining former jeopardy. See *Ingram* v. *State,* 124 *Ga.* 448 (52 S. E. 759). The constitution of this State (Code, § 2-108) provides that "no person shall be put in jeopardy of life, or liberty, more than once for the same offense." This was the

rule at common law, and the principle has been embodied both in the Federal constitution and the constitutions of the several States of the union. 22 C. J. S. 369. In determining whether a person is being put in jeopardy more than once for the same offense, the courts of the country have sought to clarify the general terms of the inhibition, and in doing so many have applied either one or the other of two illustrative rules or tests. The first is known as the "same-evidence" test; the other being known as the "same-transaction" test. While these two illustrative tests overlap, they do not appear to be identical in scope and effect. The first of these tests, that is, what is known as the "same-evidence" test, can be defined as follows: If the same evidence necessary to convict of the one charge would have been sufficient to convict of the other, there would be former jeopardy; but under this rule, if an essential ingredient or necessary element or some additional fact be required in order to convict of either of the two offenses, which is not required to convict of the other, there is no former jeopardy. 15 Am. Jur. 54-56, § 380; 22 C. J. S. 416-418, § 279; and citations in those texts. This is true even though some or much of the evidence necessary in the one case may have been necessary or relevant in proving the other. *Johnson* v. *State,* 36 *Ga. App.* 108 (135 S. E. 519); *Veasy* v. *State,* 4 *Ga. App.* 845 (62 S. E. 561); *Howell* v. *State,* 28 *Ga. App.* 501 (111 S. E. 676); *Collier* v. *State,* 8 *Ga. App.* 371 (2) (69 S. E. 29); *Morgan* v. *State,* 28 *Ga. App.* 358 (111 S. E. 72); 92 Am. St. R. 107, 108, note and cit.; 22 C. J. S. 418, and cit. Most of the courts which have accepted the "same-evidence" rule have recognized its inadequacy to meet all possible contingencies, and have applied what amounts to certain exceptions or qualifications. 22 C. J. S. 414, 418, §§ 278, 279. One exception, which appears to have been universally adopted, under this rule and under all rules, is where the previous trial was for a major offense, but where under the indictment in that case the defendant could have been convicted of the minor offense charged in the second indictment. *Watson* v. *State,* 116 *Ga.* 607 (1-4) (43 S. E. 32, 21 L. R. A. (N. S.) 1); *Peters* v. *State,* 177 *Ga.* 772, 774 (171 S. E. 266), and cit.; 15 Am. Jur. 63, § 388; 22 C. J. S. 424, § 283 (a); 92 Am. St. R. 109, 110, note C (1-3). Under the principle of election on the part of the State, the courts that apply the same-evidence test, as well as the other rule, hold

almost with unanimity that the same result obtains where the defendant is tried first for the minor offense, and is afterwards indicted for the major offense. *Holt* v. *State*, 38 *Ga.* 187, 190; *Franklin* v. *State*, 85 *Ga.* 570 (11 S. E. 876); *Bell* v. *State*, 103 *Ga.* 397 (2, 3), 402 (30 S. E. 294, 68 Am. St. R. 102); *Jones* v. *State*, 55 *Ga.* 625 (3); 15 Am. Jur. 58, 60, §§ 382, 386; 22 C. J. S. 425, § 283 (b); 92 Am. St. R. 111-113, 117; 1 Wharton's Crim. Law (12th ed.), 533, 534, § 394, and cit. Thus, under the same-evidence test or any test, where an indictment for the major crime would in effect include an indictment for the lesser crime, the mere fact that additional proof of some additional element would be required in either one of the cases would not preclude a plea of former jeopardy; and this is true irrespective of which charge may be first tried. See, in this connection, *Bell* v. *State*, supra; *Banks* v. *State*, 150 *Ga.* 73 (102 S. E. 519); 22 C. J. S. 416, 418, 419. It appears that the necessity for engrafting the various exceptions upon the original abstract statement of the same-evidence rule has caused the courts of some States, including this State, to repudiate its efficacy as a sound and controlling test. They have therefore sought some other more definitive rule, and, in so doing, have adopted what is known as the "same-transaction" test. *Roberts* v. *State*, 14 *Ga.* 8, 11 (58 Am. D. 528, note, 536-549); *Copenhaven* v. *State*, 15 *Ga.* 264, 266; *Holt* v. *State*, 38 *Ga.* 187, 189, 190; *Jones* v. *State*, 55 *Ga.* 625 (3), 626; *Bell* v. *State*, 103 *Ga.* 397 (supra); *Gully* v. *State*, 116 *Ga.* 527, 529 (supra); *Ingram* v. *State*, 124 *Ga.* 448 (52 S. E. 759); 92 Am. St. R. 108, note (2); 22 C. J. S. 427, 428, § 285. This latter rule, however, hardly amounts to more than a general statement of the fundamental requirement, that, in order to support a plea of former jeopardy, the two acts shall have been the same in both cases, and goes little if any further than the language of the constitution itself. In the language of the constitution, the question is, what is the "same offense?" In the language of the same-transaction test, the question is, what constitutes the "same transaction?" Accordingly, it can be said that, just as the "same-evidence" test as stated in general terms is inadequate and therefore inaccurate, a general statement of the "same-transaction" test, while sound and more comprehensive, itself lacks the much to be desired element of being definite and specific. It therefore appears that this court in

numerous decisions, although recognizing as controlling the "same-transaction" test, in its effort to elucidate what in fact constitutes the same transaction, has nevertheless applied elements pertaining to the "same-evidence" rule; and in doing so has recognized the generally approved principle, that, in order for the transaction to be the same, it must be identical both as a matter of fact and as a matter of law. *Franklin* v. *State,* 85 *Ga.* 570, 573 (supra); *McIntosh* v. *State,* 116 *Ga.* 543, 544 (42 S. E. 793); *Smith* v. *State,* 105 *Ga.* 724, 726 (32 S. E. 127), and cit.; *Blair* v. *State,* 81 *Ga.* 629, 631 (7 S. E. 855); *Bryant* v. *State,* 97 *Ga.* 103, 105 (25 S. E. 450); *Pat* v. *State,* 116 *Ga.* 92 (42 S. E. 389); *Gully* v. *State,* supra. See 15 Am. Jur. 53, § 380; 22 C. J. S. 414, 415, § 278; 92 Am. St. R. 104, note (a).

The question as to whether the transaction was the same as a matter of *fact* can hardly be said to admit of much elucidation. It is true that this question may arise in the class of cases involving an offense which in its very definition and essential nature is continuous in character. In dealing with the question as to whether the offense be of that character, it is sometimes necessary to distinguish between one continuous, uninterrupted single act and a series of distinct and separate acts. See *Morgan* v. *State,* 119 *Ga.* 964 (3), 966 (47 S. E. 567); *Crocker* v. *State,* 47 *Ga.* 568, 570; *Johnson* v. *State,* 65 *Ga.* 94 (2), 99; *Lunsford* v. *State,* 60 *Ga. App.* 537 (2), 544 (4 S. E. 2d, 112); *Fews* v. *State,* 1 *Ga. App.* 122 (2), 125 (58 S. E. 64); *Burnam* v. *State,* 2 *Ga. App.* 395, 396 (58 S. E. 683); 15 Am. Jur. 56, § 381; 22 C. J. S. 420-422, § 281. It is also true that the question of identity in fact may be involved in that class of cases where the State by the generality of the indictment may not be confined to proof of any specific date or transaction within the period of limitation, with the result that a prosecution for a particular crime will usually operate as a bar for any such offense committed within the period of limitation previously to the indictment. *Craig* v. *State,* 108 *Ga.* 776 (2) (33 S. E. 653); *Bryant* v. *State,* 97 *Ga.* 103, 104 (supra); *Webb* v. *State,* 13 *Ga. App.* 733 (1-3), 735 (80 S. E. 14); *Hudgins* v. *State,* 22 *Ga. App.* 242 (95 S. E. 875); *Mills* v. *State,* 35 *Ga. App.* 471 (2, 3) (134 S. E. 141); 22 C. J. S. 419, § 280. With the exceptions just noted, it would seem that the question as to whether the transaction charged in the second indictment is the

same in fact as that charged in the former indictment is to be tried and determined as a simple question of fact under the plea of former jeopardy. Generally it is plain that the two alleged transactions are either identical as a matter of fact or they are not; and no useless legal elaboration could be profitable.

Whether under a given state of identical facts the two transactions are the same as a matter of law presents a different and sometimes more difficult problem. Under the general principle of the same-transaction test, the plea is ineffective if the offenses charged in the two indictments, though relating to the identical transaction, are legally separate and distinct. The courts of this State and the text-writers have recognized that a single act may constitute two or more distinct and separate offenses. *McIntosh* v. *State,* 116 *Ga.* 543, 544 (supra); *Smith* v. *State,* 105 *Ga.* 724, 726 (supra); *Blair* v. *State,* 81 *Ga.* 629 (2, *a*) (supra), *Veasy* v. *State,* 4 *Ga. App.* 845 (supra); *Morgan* v. *State,* 28 *Ga. App.* 358 (111 S. E. 72); *Vellis* v. *State,* 28 *Ga. App.* 468 (111 S. E. 683); *Collier* v. *State,* 8 *Ga. App.* 371 (2) (69 S. E. 29); *Johnson* v. *State,* 36 *Ga. App.* 108 (135 S. E. 519); 22 C. J. 422, 428, §§ 282, 285. Accordingly, even where the two transactions are the same in fact, it is also necessary for the defendant to plead and prove: either (a) that the transaction charged in the second indictment is an offense which is identical in law with that charged in the first indictment, or else that under the actual terms of the first indictment proof of the second offense was made necessary as an essential ingredient of the offense as first charged; or (b) that the transaction charged in the second indictment is an offense which represents either a major or minor grade of the same offense, of which the defendant might be convicted under an indictment for the major offense; or (c) where the transactions are the same as a matter of fact, even though the offenses be not identical or in effect identical as a matter of law, so as to come within the scope of the preceding subsections (a) or (b) of headnote 1, he may nevertheless, under the principles of res judicata which may be included in a plea under the broader doctrine of former jeopardy, show that his acquittal on the first charge was necessarily controlled by the determination of some particular issue or issues of fact which would preclude his conviction of the second charge.

The record in this case shows that the defendant was first tried

for murder in a transaction where the victim was also robbed, and that the defendant was last tried for robbery in the identical transaction where the victim was murdered. Under the preceding rules as well as under the weight of authority, the two offenses are not identical as a matter of law. State v. Moore, 326 Mo. 1199 (33 S. W. 2d, 905); Warren v. State, 79 Neb. 526 (113 N. W. 143); Commonwealth v. Crecorian, 264 Mass. 94 (162 N. E. 7); Duvall v. State, 111 Ohio, 657 (146 N. E. 90); State v. Elder, 65 Ind. 282 (32 Am. R. 69); People v. Coltrin, 5 Cal. 2d, 649 (55 Pac. 2d, 1161, 1167); State v. Empey, 65 Utah, 609 (239 Pac. 25, 44 A. L. R. 558, 564, notes); 31 L. R. A. (N. S.) 693; 22 C. J. S. 45, § 295 (e). Nor did the terms of the indictment for murder as drawn make proof of robbery an actual ingredient of the crime of murder. *Roberts* v. *State,* 14 *Ga.* 8, 13 (supra); *Copenhaven* v. *State,* 15 *Ga.* 264, 265; *Polite* v. *State,* 78 *Ga.* 347; *Brown* v. *State,* 90 *Ga.* 456 (16 S. E. 204). See also cases in States where a statute has made one crime an essential ingredient of the other, although not strictly a major or minor degree of the same offense: State v. Mowser, 92 N. J. L. 474 (106 Atl. 416, 4 A. L. R. 695, 702, notes); State v. Cooper, 13 N. J. L. 361 (25 Am. D. 490); People v. Miccichi, 264 Mich. 581 (250 N. W. 316); 15 Am. Jur. 61, § 386. Accordingly, the plea does not fall within the rule stated in subdivision (a) of headnote 1 and the preceding paragraph of this opinion. Since under our law a conviction for robbery could not have been had under the former indictment for murder, neither does the plea fall within subdivision (b) of headnote 1 and the preceding paragraph of this opinion. It does appear, however, to come squarely within the rule related to the principle of res judicata, stated in subdivision (c) of headnote 1 and the preceding paragraph of the opinion.

The principle of res judicata, as embodied in subdivision (c) of headnote 1 and as stated in the opinion, does not appear to have been directly dealt with by any decision rendered by this court, although in many cases that principle seems to have been at least impliedly recognized, as in *Buhler* v. *State,* 64 *Ga.* 504, and in *Lock* v. *State,* 122 *Ga.* 730, 733 (50 S. E. 932), where the court sustained the plea of former jeopardy on the theory that the issue raised under the second indictment had been actually tried and determined under the evidence submitted to support the first indict-

ment. However, the principle of res judicata, as before stated, seems to have been almost universally recognized by the courts that have actually encountered the question and made a decision thereon. The Supreme Court of Alabama, in Mitchell *v.* State, 140 Ala. 118 (37 So. 76, 103 Am. St. R. 17), applied in a criminal case the rule of civil litigation, as follows: "A final judgment on the merits, determining any issue of law or fact after a contest over it, forever sets at rest and fixes it as a fact or as the law in any other litigation between the parties." See also U. S. *v.* Oppenheimer, 242 U. S. 85 (37 Sup. Ct. 68, 61 L. ed. 161, 3 A. L. R. 516, 519); Jay *v.* State, 15 Ala. App. 255 (73 So. 137); Cooper *v.* Commonwealth, 106 Ky. 909 (59 S. W. 524, 45 L. R. A. 216, 90 Am. St. R. 275, note and cit.), also recognizing the principle as applicable in criminal cases involving the same defendant. The rule has been applied by the Supreme Court of the United States in quasi-criminal proceedings against the same defendant, who had been acquitted in a previous criminal case, as to the identical issue there adjudicated. Coffey *v.* U. S., 116 U. S. 436, 443, 444 (6 Sup. Ct. 437, 29 L. ed. 684). See also State *v.* Meek, 112 Iowa, 338 (84 N. W. 3, 51 L. R. A. 414, 84 Am. St. R. 342); State *v.* Adams, 72 Vt. 253 (47 Atl. 779, 82 Am. St. R. 937, 938, 939); In re Gottesfeld, 245 Pa. 314 (91 Atl. 494). It is interesting to note that one of the earliest formulations of essential principles of res judicata was made in a criminal case, the celebrated English decision of Rex *v.* Duchess of Kingston, 20 Howell's State Trials, 538 (2 Smith's Leading Cases, part 2, 8th ed., 734 [784]).

The text-book writers with unanimity appear to have recognized the principle as sound, and do not appear to consider that it is open to doubt or question. Freeman in his work on Judgments (5th ed. 1364, § 648) says that the effect of the former judgment "as res judicata . . is necessarily to a considerable extent lost sight of in the broader doctrine of former jeopardy. . . Even where the crimes charged are different, and a plea of former jeopardy therefore unavailable, a criminal judgment is res judicata of every matter determined by it, where the conditions essential to the operation of this doctrine are present. . . The previous judgment is conclusive only as to those matters which were in fact in issue and actually or necessarily adjudicated. . . Though the judgment under which an acquittal has been had charges an offense appar-

ently different from that charged in the second indictment, still the plea of former acquittal may be sustained by showing that the defendant could not have been guilty of the crime with which he is now charged without also being guilty of that of which he has been acquitted." Van Fleet in his work on Former Adjudication (vol. 2, 1242-1249, § 628) also says: "If there is a contest between the state and the defendant in a criminal case over an issue, I know of no reason why it is not res judicata in another criminal case." The same conclusion is expressed by other text-writers. 15 Am. Jur. 45, § 367; 34 C. J. 969, § 1386.

In the former trial for murder there was not the slightest pretense of justification on the part of the defendant. The whole contention in that case centered upon the one single question whether the defendant participated with another in the murder and robbery of the deceased. If he did, he was necessarily guilty of murder. By acquitting him the jury necessarily found that he did not participate in the transaction. This was the sole issue that was tried and determined. It is now sought, after such a solemn determination, to test again the same issue, and to undo the necessary effect of the former judgment by adjudicating that the defendant did in fact participate in the robbery and murder, from which the jury has already absolved him. Since it indisputably appears that the defendant could not be guilty of the present charge without also being guilty of the crime of which he has been tried and acquitted, he can not now be put in jeopardy for the purpose of again adjudicating the issue which has already been determined in his favor.

It is not meant herein to declare, as a part of the governing rule, that merely because evidence of robbery was included in the first trial, a conviction of murder therein would have been conclusive of his guilt of robbery by force in a subsequent trial on an indictment charging robbery by force and intimidation. Under this record no such question is involved.

*Judgment reversed. All the Justices concur, except*
ATKINSON, P. J., and DUCKWORTH, J., who dissent only from the ruling in subdivision (b) of par. 2 of the headnotes, and from the judgment of reversal.