## 34087. HARDISON *v.* THE STATE.

CARLISLE, J. Where, on the trial of one charged with perjury, it appears from the evidence that the defendant, in an extraordinary motion for a new trial, in an effort to obtain a new trial in another criminal case against him, made a false affidavit, the fact that it also appears from the evidence that the trial court overruled the extraordinary motion for a new trial as being insufficient in form and substance would not render the false affidavit immaterial so as to relieve the defendant of the charge of perjury. A test of materiality is whether the alleged false statement could have influenced the decision as to the question at issue in the judicial proceeding in which the perjury is alleged to have been committed (*Black* v. *State*, 13 *Ga. App.* 541, 79 S. E. 173); the actual effect of a false statement has no bearing on its materiality,

and the guilt of one who has falsely sworn does not depend on the result of the proceedings in which it occurred. It follows, therefore, that the evidence authorized the verdict finding the defendant guilty of perjury; and no error of law otherwise appearing, the trial court did not err in denying the motion for a new trial based solely upon the general grounds.

*Judgment affirmed. Gardner, P.J., and Townsend, J., concur.*

DECIDED JUNE 20, 1952—REHEARING DENIED JULY 1, 1952.

*Calvin B. Oliver,* for plaintiff in error.
*Wm. M. West, Solicitor-General, Chas. F. Adams,* contra.