## BANKS *v.* THE STATE.

FISH, C. J. An indictment charged that the accused seduced a named woman on January 1, 1918. On the call of the case for trial, and before arraignment and plea, the accused, in response to the charge, presented to the court a written statement to the effect that he had obtained from the ordinary of the county of the woman's residence a license to marry her, and at the time of obtaining it he had given a good and sufficient bond in the sum fixed by such official, payable to him and his successors in office, and conditioned for the maintenance and support of the woman and her child for the period of five years; and in this statement he made, in open court, a bona fide and continuing offer to marry the woman, attaching to such statement the marriage license and the bond referred to, approved by the ordinary. Whereupon the woman, in open court, refused to marry the accused. The trial judge thereupon entered a judgment reciting the facts, and ordered that the prosecution against the accused for seduction " be and the same is hereby at an end, and can not be further prosecuted against the said defendant. It is further ordered that the said defendant be and he is hereby discharged in said case." Thereafter, and on the same day, the grand jury returned a special presentment against the accused, charging him with the offense of fornication, alleging the act to have been committed on February 12, 1918, the woman referred to being the same as in both indictments. To this last indictment the accused pleaded in bar that the prosecution for fornication was founded upon the same transaction as that charged in the former indictment for seduction, and that both transactions were founded upon the same evidence, and that as the lesser offense of fornication charged in the last indictment was involved in the indictment for seduction, his discharge under the indictment for seduction was a bar to the prosecution for fornication. This plea was stricken by the court as insufficient. The Court of Appeals, after stating in substance the facts as above recited, certified to the Supreme Court the question whether the striking of the plea was error.

In our opinion the plea should not have been stricken. The offense of seduction necessarily embodies, as an element thereof, the offense of fornication. Seduction can not be accomplished without sexual intercourse. Upon complying with the provisions of the statute (Penal Code § 379), by obtaining a license to marry the woman whom he was charged with seducing, giving the bond as required by the ordinary, having it approved by him, and by making a bona fide and continuing offer to marry the woman, and she in open court refusing to marry him, the accused, under the statute, had the right to have the prosecution for seduction stopped, and to be discharged from further prosecution thereunder. The judgment of the court effectually ended that prosecution, and the accused could not subsequently be indicted for any essential element involved in that charge of seduction. If the accused on

the trial for fornication should sustain his plea, he would be entitled to an acquittal. See *Disharoon* v. *State*, 95 *Ga*. 351 (22 S. E. 698); *Ingram* v. *State*, 124 *Ga*. 448 (52 S. E. 759).

*All the Justices concur, except Beck, P. J., absent on account of sickness.*

No. 1784.   MARCH 9, 1920.

Questions certified by Court of Appeals (Case No. 10706).

*W. W. Bennett,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.