### 10706.   BANKS *v.* THE STATE.

1. Where one who is being prosecuted for the offense of seduction makes a timely, bona fide, and continuing offer to marry the woman whom he is charged with having seduced, and obtains a marriage license from the ordinary of the county of her residence and gives the bond provided for in section 379 of the Penal Code of 1910, and his offer of marriage is refused by her, and the court thereupon enters a judgment ending the prosecution for seduction and discharging him, that judgment is a bar to any subsequent prosecution of the defendant for the offense of fornication, founded upon the same transaction.
2. Under the foregoing ruling the court erred in striking the defendant's special plea in bar, on the ground that it was insufficient in law; and the further proceedings on the trial were nugatory.

DECIDED APRIL 13, 1920.

Conviction of fornication; from Appling superior court — Judge Highsmith.   May 10, 1919.

*W. W. Bennett,* for plaintiff in error.

*Alvin V. Sellers, solicitor-general,* contra.

LUKE, J. Certain questions of law involved in this case were certified to the Supreme Court, and the preceding headnotes embody the substance of that court's answers. See the full opinion of the Supreme Court, 150 *Ga.* 73 (102 S. E. 519). The court having erroneously stricken the defendant's special plea in bar, the further proceedings in the case were nugatory, and a new trial is required. If the defendant on the next trial sustains by

proof the material allegations of his plea in bar, he will be entitled to an acquittal.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*